OWEN, Judge.
The executor appeals an order of the probate court revoking the order of final discharge pursuant to Rule 5.440 P.G.R.[1] in order that further administration of the estate be had.
The “further administration of the estate” was the court’s considering the merits of an heir’s petition for revocation of probate based on lack of testamentary capacity and undue influence, which petition for revocation of probate was filed the day following the entry of the order of final discharge.
The decedent’s will, admitted to probate April 24, 1968, named the testator’s daughter as the sole beneficiary. The estate was duly administered and on February 11, 1969, the executor filed petition for distribution and discharge without accounting, the sole beneficiary executing the required written waiver as permitted by Section 734.22(2), F.S.1967, F.S.A. The testator was survived by a minor son, John Ellis Jackson, on whose behalf the petition for revocation of probate was filed. The minor son was not served with notice of probate under Section 732.28, F.S.1967, F.S.A., nor notice of application for final discharge under Section 734.22, F.S.1967, F. S.A., and for the purpose of this appeal it can be assumed that he had neither actual nor constructive notice of any phase of the probate proceedings. The probate court was of the view that because of such lack of notice the minor son’s petition for revocation of probate could be considered on its merits even though filed subsequent to the order of final discharge of the personal representative, and that Rule 5.440 P.G.R. gave the court authority to revoke the order of final discharge for such purpose.
The question squarely presented here is whether a petition for revocation of probate filed after the final discharge of the personal representative calls for further administration of the estate so as to permit revocation of the order of final discharge under Rule 5.440 P.G.R.
Section 732.30(1), F.S.1967, F.S.A., permits an heir who has not been served with notice of probate under F.S. Section 732.-28, F.S.A., and who is not barred under the provisions of F.S. Section 732.29, F.S. A., to petition for revocation of probate at anytime before final discharge of the personal representative. The unmistakable implication of the statutory language which we have emphasized is that the filing of such petition for revocation of probate is prohibited after the final discharge of the personal representative.
The Supreme Court of Florida had occasion to consider the effect of F.S. Section 732.30, F.S.A., in the case of State ex rel. *477 Ashby v. Haddock, Fla.1962, 149 So.2d 552, and at page 555, the court stated:
“Since, however, the [Section 732.28, F.S.] procedure is optional, the contrary time limit expressed in 732.30, allowing revocation ‘at any time before final discharge’, does under our view serve the reasonable purpose of delimiting the remedy in any instance where the procedure for notice of probate is omitted or improperly executed.” (Emphasis supplied.)
It was certainly the view (if not the clear holding) of the Supreme Court of Florida that a petition for revocation of probate could not he filed by an heir after final discharge of the personal representative, even though such heir had no notice of the probate proceedings. Although the case of In re Estate of Dalton, Fla.App.1968, 206 So.2d 264, did not involve this particular question, the court’s opinion inferentially recognizes that the right to petition for revocation of probate is terminated by the discharge of the personal representative.
Based upon the clear implication of the statutory language of Section 732.30(1), F.S.1967, F.S.A., and the views expressed by the Supreme Court in the Haddock case and by the Third District Court of Appeal in the Dalton case, we hold that the petition for revocation of probate, filed the day after the entry of the order of final discharge of the personal representative, was untimely and therefore was not a proper subject to be considered on its merits. Since such petition could not be considered, its filing did not require such “further administration of the estate” as would necessitate or justify revoking the order of final discharge under Rule 5.440 P.G.R.
The order appealed is reversed and upon remand the court should reinstate the order of final discharge and dismiss as untimely the petition for revocation of probate filed on behalf of the minor son.
Reversed and remanded.
WALDEN, J., and LA MOTTE, STEWART F., Jr., Associate Judge, concur.

. Rule 5.440 P.G.R., which is the same as Section 734.26, F.S.1967, F.S.A., provides as follows:
“Rule 5.440. Subsequent Administration. The final settlement of an estate and the discharge of the personal representative shall not prevent a revocation of the order of discharge or the subsequent issuance of letters testamentary or of administration if other property of the estate is discovered or if it becomes necessary or proper for any cause that further administration of such estate be had.”