318 So.2d 484 (1975)
Hutch PADGETT, Appellant,
v.
In re the ESTATE of Nan PADGETT, Deceased, Appellee.
No. W-525.
District Court of Appeal of Florida, First District.
September 10, 1975.
George Ralph Miller, of Andrews & Miller, DeFuniak Springs, for appellant.
William K. Jennings, of Jennings & Lindsey, DeFuniak Springs, for appellee.
McCORD, Judge.
This appeal is from an order dismissing a petition to set aside an order of distribution of the Estate of Nan Padgett, deceased. On September 12, 1973, the court entered its order discharging the executor, the order being filed with the Clerk on October 18, 1973. Thereafter, on December 12, 1973, appellant filed the aforesaid petition to set aside the order of distribution alleging that the Will of the decedent was executed at a time when the testator was incompetent and under undue influence. In the order appealed, the trial court pointed out that the petition to set aside the order of distribution was actually a petition for revocation of probate of decedent's Will and ruled that the petition was barred by § 732.30(1), Florida Statutes. The sole question raised on the appeal is whether or not the trial court erred in dismissing appellant's petition without taking testimony.
§ 732.30(1), supra, provides that any heir or distributee of the estate of a decedent, including legatees or devisees under a prior Will, with certain exceptions, may, "at any time before final discharge of the personal representative, make application by petition to the court in which the probate of any will may have been granted, for revocation of such probate. The petition shall set forth the interest of the petitioner in such estate and the facts constituting the grounds upon which revocation is demanded." (Emphasis supplied.) Appellant's petition was not filed until three months after the order discharging the executor (almost two months after the order of discharge was filed with the Clerk). In addition the petition does not set forth the interest of the petitioner in the estate.
Petitioner contends the trial court's order was error because of the terms of Rule *485 5.440, Florida Rules of Probate and Guardianship Procedure,[1] and under this Court's ruling in State v. Byington, Fla.App. (1st), 168 So.2d 164 (1964). Appellee contends there was no error; that the trial judge correctly declined to entertain appellant's petition since it was filed too late under § 732.30, supra. Appellee cites In Re Estate of Jackson, Fla.App. (4th), 236 So.2d 475.
We find no error in the trial judge's dismissal of appellant's petition. Appellant contends that Jackson is in conflict with this court's opinion in Byington. In Jackson the probate court had entered an order revoking final discharge for the purpose of considering the merits of an heir's petition for revocation of probate. The petition was filed the day following the entry of the order of final discharge, and was based upon lack of testamentary capacity and undue influence. The appellate court ruled that the petition for revocation of probate was untimely since it was not filed before final discharge of the personal representative pursuant to § 732.30(1), supra. The court's opinion in Jackson did not discuss this court's opinion in Byington or the question which was involved in Byington. Byington was a prohibition action brought against the judge of a county judge's court with respect to orders entered on the court's own motion in connection with reopening the administration of an estate. There this court was concerned solely with the inherent powers of the probate court. We said:
"The probate court has inherent power and jurisdiction to revoke probate decrees, notwithstanding that such decrees are considered to be in the nature of judgments in rem. That power may be exercised where justice clearly requires it, as where after probate of a will a later will or codicil is discovered, newly discovered evidence shows that the probated will was forged, or that its probate was procured by fraud. In such instances, courts have inherent power over their own process to prevent abuse, oppression and injustice and to protect their own jurisdiction."
The following additional quotation from Byington makes clear the distinction between that case and the present case (and perhaps also Jackson):
"Admittedly the order binds and concludes the whole world  but only until it is revoked or otherwise overturned. It is one thing to define a limitations period in which interested parties must come forth with objections to a will offered for [a] probate. The court, as well as the executor, may be assisted thereby in achieving expeditious settlement of the estate. It is quite another thing to say that such a procedure can strip the court itself of its authority to review its own order of probate where it later comes to the court's attention that the order may have been procured through fraud or mistake ..."
Under our ruling in Byington, the probate judge has inherent power and authority to revoke probate of a Will where a later Will or codicil is discovered, where newly discovered evidence shows that the probated Will was forged, or that its probate was procured by fraud. But the statutory period allowed to an heir or distributee to petition the court for revocation of probate is binding upon such heir or distributee in the absence of such strong factual allegations of fraud, overreaching or mistake as to reasonably require investigation by the *486 court. Such factual allegations were not present here. We, therefore, do not conclude that Jackson is necessarily in conflict with Byington or that our ruling here is in conflict with Byington.
Affirmed.
RAWLS, Acting C.J., and SMITH, J., concur.
NOTES
[1] Rule 5.440, Florida Rules of Probate and Guardianship Procedure, which is the same as § 734.26, Florida Statutes, provides as follows:

"The final settlement of an estate and the discharge of the personal representative shall not prevent a revocation of the order of discharge or the subsequent issuance of letters testamentary or of administration if other property of the estate is discovered or if it becomes necessary or proper for any cause that further administration of such estate be had."