387 So.2d 384 (1980)
John Harold YELLEN and Robert Harold Yellen, Appellants,
v.
Quentin V. LONG, Individually and As Executor/Personal Representative and Attorney for the Estate of Murray Harold Yellen, Deceased, and Betty Rollin (Aka Berthe Rollin), Murray Glanz (Aka Murray Glanz), Maxwell Yellen, Joseph Yellen, Edith Ginsky, Beneficiaries and Adverse Parties in the Estate of Murray Harold Yellen, Deceased, Appellees.
No. 79-925.
District Court of Appeal of Florida, Fourth District.
June 18, 1980.
Rehearing Denied September 19, 1980.
John Harold Yellen, in pro. per., and Thomas H. Lehrer of Andrews, Voorheis, Lehrer & Baggett, Fort Lauderdale, for appellants.
James J. Belcher of Law Offices of James J. Belcher, Pompano Beach, for appellee Long.
HERSEY, Judge.
This is an appeal from an order of the probate court dismissing appellants' petition for revocation of probate. Rule 5.025(a)(1) and (b)(2), Florida Rules of Probate and Guardianship Procedure provide that the Rules of Civil Procedure shall govern revocation proceedings. Rule 1.530, Florida Rules of Civil Procedure authorizes motions for rehearing; therefore appellants' motion for rehearing before the probate court tolled the time for appeal and this appeal, contrary to appellees' contention, is timely. Fla.R.App.P. 9.020(g)
Appellants' petition for revocation of probate was filed subsequent to rendition of an order discharging the personal representative. We affirm our holding in In Re Estate of Jackson, 236 So.2d 475 (Fla. 4th DCA 1970), that such a petition should be dismissed as untimely. It is urged that since appellants, who were not named in the will, received no notice, they should not be precluded from their day in court. The complainant in Jackson, supra, similarly received no notice. Further, the applicable statutes do not require that notice be given to heirs not named in a will. The absence of notice is therefore not relevant to a determination of timeliness in this context.
Appellants also appeal the denial of their motion for rehearing and other relief. Assuming that probate proceedings may be reopened under Section 733.903, Florida Statutes (1979), or pursuant to the inherent power and authority of the court where strong factual allegations of fraud, overreaching or mistake are made, as suggested by dicta in Padgett v. Estate of Padgett, 318 So.2d 484 (Fla. 1st DCA 1975), the lower *385 tribunal on at least two occasions found appellants' allegations insufficient to entitle them to such relief. Strong policy reasons support the action of the court in this regard.
We therefore affirm.
AFFIRMED.
ANSTEAD and GLICKSTEIN, JJ., concur.