448 So.2d 1187 (1984)
In re the ESTATE OF Herman H. KILLINGER a/k/a H. Harold Killinger, Deceased.
No. 83-1798.
District Court of Appeal of Florida, Second District.
April 18, 1984.
*1188 J.C. O'Steen of Lager, Woodward & O'Steen, Tallahassee, for appellant.
Sandra F. Diamond of Fisher & Sauls, P.A., Seminole, for appellee.
LEHAN, Judge.
The beneficiary under decedent's newly-discovered will appeals the trial court's order refusing to revoke probate and reopen the decedent's estate. We affirm.
After decedent died on December 27, 1981, his wife filed a petition for administration, alleging that she was unaware of any existing wills or codicils. The estate was administered pursuant to the intestate provisions of section 732.102, Florida Statutes (1981). Distribution of the assets was made to decedent's wife. The circuit court closed the estate and discharged the personal representative on November 16, 1982.
During the administration of the estate, the decedent's brother and sister had made a diligent search for a will, but were unable to find one. Approximately three months after the estate was closed, however, the decedent's will was located at the law office of one of the attorneys who had previously been contacted during the search for the will. The discovered will provides that the decedent's entire estate would pass to his mother.
A petition to reopen and readminister the estate was filed pursuant to section 733.903, Florida Statutes (1981), which allows revocation of an order of discharge "if it becomes necessary that further administration of the estate be had for any cause." The circuit court concluded that the finding of the will did not justify reopening the estate under section 733.903 and denied the petition to revoke administration of decedent's estate.
The parties raise several arguments on appeal. The first issue is whether section 733.208, Florida Statutes (1981), applies to intestate estates. That section provides as follows:
On the discovery of a later will or codicil expressly or impliedly revoking the probated will in whole or in part, pending or during administration, any interested person may offer the later will for probate. The proceedings shall be similar to those for revocation of probate. No later will or codicil may be offered after the closing of the estate.
By its language, section 733.208 seems to apply only to testate estates because it refers to a later will which revokes the probated will and prohibits the offering of any such later will after the closing of the *1189 estate. Appellee argues that the last sentence of this section is not specifically limited to a testate estate and should be construed to prohibit the offering of a will after the closing of an intestate estate. However, we believe that the language of this section does limit its application to testate estates. The statutes says that no "later will" can be offered after the closing of an estate; the statute does not say that no later-discovered or newly-discovered will can be offered. The term "later will" refers to a will later in date than the will being probated. The use of the term "later will" implies that the legislature was referring only to testate estates, since that term would be meaningless in a discussion of intestate estates.
Section 733.208, Florida Statutes (1981), is derived from section 732.32, Florida Statutes (1973). The earlier statute contained substantially the same language but did not include the last sentence of section 733.208, which prohibits the offering of a later will after the closing of an estate. The 1973 statutes also contained a section pertaining to the discovery of an unknown will or a later will after termination of probate proceedings and discharge of the personal representative. That section, section 732.33, Florida Statutes (1973), allowed interested persons to sue in equity to impress a trust upon the funds or property received by an heir in the terminated probate proceedings which, because of the newly-discovered will, the recipient was not justly entitled to retain.
In 1974, the legislature substantially revised the probate code. The provisions of section 732.32 were incorporated into section 733.208, Florida Statutes (1975). The provisions of section 732.33 were transferred to section 733.902, Florida Statutes (1975).
The legislature made further changes in 1975. The wording of section 733.208 was changed slightly and the last sentence, prohibiting the offering of a later will after the closing of an estate, was added. The legislature also repealed section 733.902 which had allowed the equity proceedings upon the discovery of an unknown will or later will.
In summary, the 1973 statutes contained section 732.32 which allowed the offering for probate of a later will discovered during probate proceedings, and section 732.33, which provided for proceedings upon the discovery of an unknown will or later will after the termination of probate proceedings; but after the amendments to the probate code in 1974 and 1975, the statutes have contained no provisions similar to the prior section 732.33 allowing proceedings upon the discovery of a will after termination of probate. In addition, the legislature added a sentence to the section pertaining to discovery of a later will during probate and thereby specifically provided that no later will could be offered after the closing of the estate. From this legislative history, it can be inferred that the legislature intended, subsequent to the 1974 and 1975 revisions, to allow no proceedings upon the discovery of a later will or unknown will after the termination of probate and the discharge of the personal representative in either testate or intestate proceedings.
The common law lacks clarity in this area. It has been suggested that a probate court has the inherent power to revoke probate upon "strong factual allegations of fraud, overreaching or mistake." See Yellen v. Long, 387 So.2d 384 (Fla. 4th DCA 1980); Padgett v. Padgett, 318 So.2d 484 (Fla. 1st DCA 1975). But that language from those cases relative to mistake is dicta. None of the cases reveal mistake as an asserted ground for relief. Yellen relies upon Padgett, and Padgett relies upon State v. Byington, 168 So.2d 164 (Fla. 1st DCA 1964). Byington, however, which contains similar dicta, is materially different in several respects. Byington did not involve discovery of a will after intestate proceedings were closed. Byington involved revocation of probate of a will, and the revocation was sought prior to the discharge of the personal representative. Therefore, we do not believe the common law justifies a reopening of this estate.
*1190 Appellant also argues that section 733.903, Florida Statutes (1981), would allow the reopening of this estate. That section provides that the discharge of the personal representative would not prevent a revocation of the order of discharge "if other property of the estate is discovered or if it becomes necessary that further administration of the estate be had for any cause." We agree with the trial court that the discovery of a will after the termination of probate of an intestate estate does not justify revocation of probate under section 733.903. That section allows revocation if it becomes "necessary" that further administration of the estate be had. There is little Florida case law to assist in an interpretation of this section, but we believe that the statute refers to those situations in which a mistake has been made in the administration of the estate which necessitates reopening the estate to allow proper and complete administration. Examples of this type of mistake could include circumstances involving property in the estate having not been distributed. Cf. In re Estate of Sackett, 171 So.2d 906 (Fla. 1st DCA 1965). We do not believe the later discovery of a will makes it "necessary" to reopen administration. Cf. Minto v. Heischman, 290 So.2d 528 (Fla. 2d DCA 1974); In re Estate of Jackson, 236 So.2d 475 (Fla. 4th DCA 1970).
Accordingly, we cannot find error by the trial court. We affirm the order denying the petition to revoke administration of decedent's estate. While the justice of this result which benefits the wife and not the mother can be argued, certainly, at least absent fraud, some deadline must be placed on the time during which a newly-discovered will can be offered for probate. See generally Fair v. Tampa Electric Co., 158 Fla. 15, 17, 27 So.2d 514, 515 (1946).
We believe, under the circumstances of this case and the foregoing statutory construction, that the deadline must be the closing of the estate and the discharging of the personal representative. We note that under the prior section 732.33, Florida Statutes (1973), the legislature provided that the proceedings allowed under that statute upon the later discovery of a will could be brought no later than three years after the discharge of a personal representative. When that section was transferred to become section 733.902, Florida Statutes (1975), the legislature amended the section and changed the arbitrary deadline to require that the proceedings be brought no later than one year after the discharge of the personal representative. By eliminating the provisions of this section altogether, we believe the conclusion must be inescapable that the legislature intended the time period for presenting a newly-discovered will to end with the discharge of the personal representative.
AFFIRMED.
OTT, C.J., and CAMPBELL, J., concur.