460 So.2d 515 (1984)
George FELDAN, Appellant,
v.
David E. GOODMAN and Rachel Goodman; Albert Feldan and Bess Feldan, Appellees.
No. 84-392.
District Court of Appeal of Florida, Third District.
December 11, 1984.
*516 King, Wayner, Leavy & Rabin and Peter Leavy, South Miami, for appellant.
Goodman, Pleeter & Webber and Neil J. Roult, Hollywood, Stinson, Lyons & Schuette and Wm. Lance Gerlin and Jeffrey B. Lathe, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON, JJ.
BARKDULL, Judge.
Appellant seeks review of two orders of the trial court which dismissed with prejudice, as to all appellees, the petitioner's petition for revocation of order discharging executors to reopen administration of estate, for trust accounting, and other relief.
In late 1971 a testamentary trust, created under a will, was established with the appellant as life beneficiary of that trust. The trust was funded from the residuary estate assets. On January 16, 1973, after the executors and the appellant had waived a final accounting, the trial court entered an order of discharge of the executors. On or about April 29, 1983, the appellant filed in the probate court a petition styled "petition for revocation of order discharging executors to reopen administration of estate, for trust accounting, and other relief." The basis of the petition was allegations of malfeasance, conflict of interest and fraud on the part of the executors and on the part of the appellees Albert and Bess Feldan as trustees. The appellees moved to dismiss the petition alleging lack of subject matter jurisdiction and personal jurisdiction, and that the action is barred by the statute of limitations as the action was not brought within one year from date of discharge of the executors. Sections 95.031(2) and 95.11(3), Florida Statutes and Section 734.23 (now section 733.901), Florida Statutes. After hearing on the motions the trial court entered the two orders appealed herein dismissing the petition, as to all the appellees, with prejudice.
The appellant contends that the trial court erred in entering the orders appealed on the grounds, first that his petition alleged facts which would necessitate further administration of the estate under Section 734.26, Florida Statutes (1971) and Florida Rules of Probate and Guardianship Procedures 5.460 and second, the trial court should have preserved the appellant's right to proceed against the trustees on the trust related causes in the proper tribunal rather than dismissing the trust related causes of action with prejudice.
The fraud alleged as to the estate proceeding was the failure to account for assets of the estate and a misappropriation of funds of the estate without the knowledge of the principal beneficiary of the testamentary trust. Therefore this action should have been considered in the original probate proceeding. See Dacus v. Blackwell, 90 So.2d 324 (Fla. 1956).
The dismissal of the petition seeking an accounting[1] from the trustees may have been appropriate but the dismissal should have been without prejudice thereby permitting the petitioner to file an independent complaint pursuant to section 737.205 of the Florida Statutes. Therefore we modify this dismissal to make it without prejudice. The orders under review as they relate to that portion of the petition directed to the executors, be and the same is hereby reversed and the matter is returned to the trial court, probate division, for further proceedings.[2] The portion of the order under review relating to the trustees of the testamentary trust be and the same is affirmed as above modified.
Reversed in part, affirmed in part as modified.
NOTES
[1] Section 737.303(4) Florida Statutes provides for an annual accounting to be rendered by the trustees.
[2] If, from the evidence, it is shown that the petitioner was aware at the time he waived his right to a final accounting of the alleged defalcation claim in his petition against the executor, then he should not be accorded relief. See and compare Davis v. Davis, 123 So.2d 377 (Fla. 1st DCA 1960).