PER CURIAM.
First Florida Bank, as former personal representative of the estate of Theresa Walsh, and Mary Jo Cunningham, a beneficiary under the will, seek a writ of prohibition barring the respondent judge from proceeding further with a petition to reopen probate filed by Catherine Portman-Laux. We grant the petition.
Theresa Walsh died August 7, 1981, and her will was admitted to probate in Lee County the following month. Thomas Walsh, the decedent’s husband, was the primary beneficiary under the will and was co-trustee of a testamentary trust established thereunder. Probate was closed and the personal representative discharged January 25, 1983. Thereafter, on April 16, 1984, Ms. Portman-Laux, a daughter of the decedent, filed her original petition to reopen probate in Lee County Circuit Court. As subsequently amended, she alleged that Thomas Walsh had caused his wife to transfer a substantial portion of her assets to him prior to her death and had exercised undue influence over the decedent during the course of the preparation of her will. The former personal representative, First Florida, and Cunningham sought an order dismissing the Portman-Laux petition as untimely filed. The trial court denied the *460 motion October 30, 1986, and petitioners thereafter filed the petition now before us.
Ordinarily, an interested party must petition the court for revocation of probate prior to the final discharge of the personal representative. § 733.109, Fla.Stat. (1985). Additionally, a probate court has the power to relieve a party from a final judgment under rule 1.540(b), Florida Rules of Civil Procedure. Val Bostwick v. Estate of Cowan, 326 So.2d 454 (Fla. 1st DCA 1976). However, where misrepresentation or fraud is alleged as a basis for relief under rule 1.540(b), that rule imposes a time limit of one year after judgment. Portman-Laux responds that, notwithstanding the time limit imposed by rule 1.540(b), there is no time limit for an independent action predicated upon “extrinsic fraud which prevents a party from having an opportunity to present his case in court.” DeClaire v. Yohanan, 453 So.2d 375, 379 (Fla.1984).
We believe that Portman-Laux’s reliance upon DeClaire is misplaced. Where extrinsic fraud is alleged the rule does indeed preserve the equitable remedy of an independent action, but “[t]he action is not a continuation of the action in which the judgment ... under attack was entered. A new complaint is filed, service of process is made and the new action follows the same procedure as other civil actions.” Trawick, Florida Practice and Procedure, § 26.8 (1982), quoted in DeClaire, 453 So.2d at 378. Thus, it was error for the trial court to entertain Portman-Laux’s petition to reopen probate in the same action in which the judgment in question was rendered.
We decline to follow Portman-Laux’s suggestion that the petition to reopen probate simply be “transferred” pursuant to Florida Rule of Civil Procedure 1.060(a), which refers to transfers between county and circuit courts of otherwise viable civil actions.
The petition for writ of prohibition is granted, and this case is remanded to the trial court with directions to grant petitioners’ motion to dismiss. Such dismissal should be without prejudice to Portman-Laux to attempt an independent action. We express no opinion as to whether Port-man-Laux’s allegations of “extrinsic fraud” are sufficient to sustain such an action.
SCHEB, A.C.J., and SCHOONOVER and HALL, JJ., concur.