551 So.2d 1184 (1989)
Carmen Felicita ARRIETA-GIMENEZ, et al., Plaintiffs, Appellants,
v.
Alberto ARRIETA-NEGRON, et al., Defendants, Appellees.
No. 73222.
Supreme Court of Florida.
August 31, 1989.
Rehearing Denied December 4, 1989.
Blas C. Herrero, Jr. and Ivan Diaz de Aldrey, Hato Rey, P.R., for plaintiffs, appellants.
Earl D. Waldin, Jr. of Kelley Drye & Warren including Smathers & Thompson, Miami, and Stanley L. Feldstein and Edward A. Godoy of Feldstein, Gelpi, Hernandez & Gotay, Old San Juan, P.R., for defendants, appellees.
KOGAN, Justice.
The United States Court of Appeals in and for the First Circuit has certified two questions which it finds determinative of this cause and for which there is no controlling Florida precedent. We have jurisdiction. Art. V, § 3(b)(6), Fla. Const. The two questions are as follows:
1. Is Fla. Stat. § 95.031(2), the 12-year statute of repose, constitutional under the "access to courts" or any other provision of the Florida Constitution, when applied to a fraud that was not discovered or discoverable until more than 12 years after the date of its commission?
2. Would the Florida courts give res judicata effect to a consent judgment approving a property settlement, if it could be shown more than one year later *1185 that one party had fraudulently misrepresented to the other or concealed from the other party information that was material to the settlement?
Arrieta-Gimenez v. Arrieta-Negron, 859 F.2d 1033, 1042 (1st Cir.1988). Because we answer the second question in the affirmative, we need not address the first question. Id. at 1042-43.
This case involves a property settlement reached in 1960 by the parties to this action. The parties are the five children of the late Rafael Arrieta Rios (Mr. Arrieta), who died in 1958. Appellant is the daughter of Mr. Arrieta and his second wife; the four appellees are the children of Mr. Arrieta and his first wife. Aside from a legacy to his widow, Mr. Arrieta's will divided his extensive holdings in Puerto Rico and Florida equally between the five children. In 1960, the appellees contacted appellant, Arrieta-Gimenez, regarding her interest in Mr. Arrieta's estate. They presented appellant with a settlement offer that resolved a dispute over the division of their late father's estate. Appellant accepted the offer. The settlement was then reduced to a consent judgment in Dade County Court.
In 1983, appellant discovered that the appellees, in making the 1960 settlement offer, had misled her as to the extent of her father's holdings in Puerto Rico. She filed suit in the United States District Court in and for the District of Puerto Rico. The district court dismissed the action, and appellant appealed to the first circuit. The appellate court then certified the above questions to this Court for resolution.
With respect to the second certified question, we are called upon to decide the preclusive effect a consent judgment has on any further action regarding that judgment. Initially, our analysis requires us to determine whether the fraud in question is extrinsic fraud, which is subject to attack at any time, or whether it is intrinsic fraud, which must be attacked within one year of the judgment. Fla.R.Civ.P. 1.540(b). In DeClaire v. Yohanan, 453 So.2d 375, 377 (Fla. 1984), this Court identified the difference between extrinsic and intrinsic fraud. We then delineated those actions challenging a judgment that must be brought within one year and those that have no time limitation under rule 1.540(b):
For better understanding, the circumstances under which a judgment may be challenged are set forth as follows:
Within One Year under Rule 1.540(b)
1) Mistake, inadvertence, surprise, or excusable neglect.
2) Newly discovered evidence which could not have been discovered in time to move for a new trial.
3) Any type of fraud, misrepresentation, or other misconduct of an adverse party including intrinsic fraud which occurs during the proceeding such as false testimony.
No Time Limitation under Rule 1.540(b) or Independent Action
1) Where the judgment is void.
2) Where it can be established that the judgment had been satisfied, released, or discharged.
3) Where the judgment has prospective application and equity should now require relief from its present enforcement.
4) Extrinsic fraud which prevents a party from having an opportunity to present his case in court.
Id. at 378-79.[*] We must now determine which of the above categories encompasses the fraud alleged here. After examining the record, we find the misrepresentation is the type considered to be intrinsic fraud. As such, a party wishing to challenge a final judgment entered in 1960 would necessarily be required to bring the action within the following year.
*1186 We disagree with appellant that the alleged misrepresentation amounts to extrinsic fraud that deprived appellant of the opportunity to present her case in court. Appellant had full access to discovery (in fact, the record reveals that appellant made full use of her discovery rights), and she had every right to reject the settlement offer until she could adequately explore the extent of her father's holdings in Puerto Rico. Appellant had sufficient opportunity from the outset to discover the fraudulent behavior, and thus bring an action in court either before the settlement offer was made or within the one year time limit expressed in rule 1.540(b).
Appellant also argues that because this fraud arose in connection with a consent judgment, rather than from a judgment entered after litigation, the rule limiting attacks on judgments to cases involving fraud on the court does not apply. She points out that no "proceedings" were conducted during which the fraud could have arisen; appellees fraudulently induced her to accept the settlement offer without trial of the issues. Appellant's argument attempts to differentiate between a consent judgment and a final judgment entered after trial on the merits. The consent judgment in question stems from an order issued by a court of competent jurisdiction approving and confirming the settlement agreement entered into by the parties. While it is true, as appellant argues, that a consent judgment is a judicially approved contract, and not a judgment entered after litigation, it is a judgment nonetheless. As such, it is entitled to the same preclusive, res judicata effect as any other judgment issued by a Florida court. To hold otherwise would be contrary to our stated public policy of ensuring the finality of judgments.
Accordingly, we hold that a consent judgment is entitled to res judicata effect and may only be attacked in cases alleging fraud on the court. Because this case involves allegations of intrinsic fraud, the consent judgment entered into in 1960 is not subject to attack now. We answer the second certified question in the affirmative. Our resolution of this issue makes it unnecessary to address the first question.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and GRIMES, JJ., concur.
NOTES
[*] While the adoption of rule 1.540(b), Florida Rules of Civil Procedure, expanded the grounds upon which a final judgment could be attacked, it limited the time period to one year in cases involving those newly expanded grounds. Prior to the adoption of this rule, intrinsic fraud was unavailable as a means to attack a final judgment. Thus, if the fraud involved here is intrinsic fraud, the action is barred whether or not the rule applies.