559 So.2d 630 (1990)
Constance Clark Campbell PAYETTE, Appellant,
v.
Theodore W. CLARK, Individually, and Theodore W. Clark, As Personal Representative of the Estate of Stanley Osgood Clark, Deceased, Arthur E. Clark, Carter S. Clark, Shirley Lorraine Warner, Della I. Clark, Individually, and Della I. Clark, As Executrix of the Estate of Gaylord O. Clark, Deceased, Appellees.
No. 89-01288.
District Court of Appeal of Florida, Second District.
February 16, 1990.
Rehearing Denied April 26, 1990.
*632 Teresa Cooper Ward, St. Petersburg, for appellant.
Mark I. Shames of Stolba, Englander & Shames, P.A., St. Petersburg, for appellee Theodore W. Clark.
Walter E. Smith of Meros, Smith & Olney, St. Petersburg, for appellee Arthur E. Clark.
William S. Belcher, George E. Owen, Jr., and Bruce Crawford, St. Petersburg, for appellees Shirley Lorraine Warner, Carter S. Clark and Della I. Clark.
PATTERSON, Judge.
Constance Payette appeals from a final order of the trial court dismissing her petition to reopen the intestate estate of her uncle. We reverse.
The appellant's uncle, Stanley Osgood Clark, died intestate on December 23, 1983. He was survived by the appellees, who are the children of his deceased brother, and by appellant, who is the child of his deceased sister.
In March, 1984, appellee Theodore W. Clark was appointed personal representative of the estate with the consent of the other appellees. Appellant was not listed as a beneficiary or interested party, received no notice, and was not included in the distribution. The entire estate was distributed to the appellees and, in the case of Gaylord Clark, his surviving spouse. A final order of discharge was entered on September 27, 1985.
On February 3, 1989, appellant filed a six-count petition in the then-closed probate case, naming the appellees as respondents. Counts one through four asserted claims for relief within the jurisdiction of the probate division of the circuit court. Counts five and six are claims for damages cognizable in the civil division of the court.
The nonresident appellees countered with motions to dismiss for lack of personal jurisdiction and lack of subject matter jurisdiction. Arthur Clark, the only appellee who is a Florida resident, moved to dismiss and asserted that the petition was untimely under Florida Rule of Civil Procedure 1.540(b). Theodore Clark also asserted that ground. In an order dated April 12, 1989, the trial court, after hearing, dismissed the petition without stating the basis for its action. A reading of the hearing transcript reveals that the parties relied on the argument that the petition is barred by the time limitations of Florida Rule of Civil Procedure 1.540(b). Notwithstanding the probable abandonment of the other issues set forth in the motions to dismiss, we find it appropriate to address them.
The assertion that the trial court lacks subject matter jurisdiction of the issues framed by the petition is totally without merit. Counts one through four find their basis in the Florida Probate Code. Counts five and six are civil actions in which the appellant claims money damages in excess of $5,000. Jurisdiction of the subject matter does not mean jurisdiction of a particular case, but rather jurisdiction of the class of cases to which the particular controversy belongs. Lusker v. Guardianship of Lusker, 434 So.2d 951 (Fla. 2d DCA 1983). All counts of the petition fall within the jurisdiction of the circuit court as set out in section 26.012, Florida Statutes (1987).
The question, therefore, becomes whether the petition in this case is adequate to invoke the jurisdiction of the court. Jurisdiction of matters cognizable in probate is invoked by the filing of a petition. Fla.P.R. 5.020. Jurisdiction in a civil action for money damages attaches upon the filing of a complaint. See Fla.R. Civ.P. 1.050. Each filing is accompanied by an appropriate filing fee. See § 28.241, Florida Statutes (1987).
The petition in this case attempts to combine the probate petition and the civil complaint into a single pleading without payment of the civil action filing fee. This *633 fact, however, does not affect the court's jurisdiction of the overall controversy. Payment of the appropriate filing fee is not a condition precedent to the court acquiring jurisdiction. Williams v. State, 324 So.2d 74 (Fla. 1975); Outboard Marine Domestic Int'l Sales Corp. v. Fla. Stevedoring Corp., 483 So.2d 823 (Fla. 3d DCA 1986). Assuming that the petition otherwise states claims for relief under Florida law, it was properly before the court from the jurisdictional standpoint.
All circuit court judges are empowered to hear and determine any case properly within the court's jurisdiction. For efficiency of administration, however, most circuit courts are divided into divisions, and cases of a particular type are assigned to judges within the division. In this case, where counts five and six of the pleading were filed in the wrong division, the proper disposition is to sever those counts and transfer them to the proper division. Grossman v. Selewacz, 417 So.2d 728 (Fla. 4th DCA 1982); In re Guardianship of Bentley, 342 So.2d 1045 (Fla. 4th DCA 1977). This is true whether or not the balance of the petition is barred by Florida Rule of Civil Procedure 1.540(b). Such an order of transfer may require payment of the applicable civil action filing fee.
We note from the record that service was effected on the appellees by registered mail. Such service is insufficient to confer personal jurisdiction in a civil action for money damages. See Huguenor v. Huguenor, 420 So.2d 344 (Fla. 5th DCA 1982). Yet, had this specific issue been raised at the trial level, it would not have constituted a valid ground for dismissal. When an invalid method of service is used, the proper procedure is to quash the service and permit the action to remain pending. Jones v. Denmark, 259 So.2d 198 (Fla. 3d DCA 1972). We, therefore, reverse the dismissal of counts five and six of the petition and direct the lower court to sever and transfer them to the appropriate division of the court.
We now turn our attention to the principal ground argued by appellees in support of the dismissal: that the petition was untimely pursuant to Florida Rule of Civil Procedure 1.540(b), and that dismissal was required based on our prior opinion in First Florida Bank v. Shafer, 503 So.2d 459 (Fla. 2d DCA 1987). In Shafer the decedent died testate. The will, which named her husband as personal representative, was duly probated. The estate was closed and the personal representative discharged on January 25, 1983. On April 16, 1984, a daughter of the decedent filed a petition to reopen the estate alleging that the husband had caused the decedent to transfer substantial assets to him during her lifetime and had exercised undue influence over her in the preparation of the will. We held that the petition was controlled by the fraud and misrepresentation provision of Florida Rule of Civil Procedure 1.540(b)(3) and was untimely under the rule.
Shafer has no application here and the appellees' position fails for two reasons. First, if the allegations of omissions and misrepresentations on the part of Theodore W. Clark, the personal representative, are true, they constitute fraud upon the court, to which the one-year limitation of rule 1.540(b) does not apply. Arrieta-Gimenez v. Arrieta-Negron, 551 So.2d 1184 (Fla. 1989);[1]Whitman v. Whitman, 532 So.2d 82 *634 (Fla. 3d DCA 1988); Feldan v. Goodman, 460 So.2d 515 (Fla. 3d DCA 1984). Second, the petition can be maintained under section 733.903, Florida Statutes (1987).[2]Estate of Lewin v. Marksbury, 374 So.2d 58 (Fla. 3d DCA 1979); see also Fla.P.R. 5.460. We reverse the order of the trial court dismissing counts one through four of the petition and direct that these counts be reinstated in the probate division of the court.
Lastly, we address the authority of the probate division to exercise personal jurisdiction over the appellees. All the appellees are "interested persons" in the estate. § 731.201(21), Fla. Stat. (1987). All are required to be given notice of the petition. § 731.303(4)(a), Fla. Stat. (1987). Service of notice was made as provided by law. § 731.301(1), Fla. Stat. (1987); Fla.P.R. 5.041.
At the inception of the probate proceedings the appellee Theodore W. Clark, by obtaining appointment as personal representative, submitted himself to the jurisdiction of the court for all purposes, including the resolution of the issues raised by this petition. The appellees Carter S. Clark and Shirley Lorraine Warner filed consents to his appointment with requests that he be permitted to serve without posting bond. All appellees accepted distribution of the estate assets, thereby availing themselves of the judicial powers of the Florida court, and filed receipts and consents to the discharge of Theodore W. Clark as personal representative. Additionally, the petition alleges that all the appellees had knowledge of the existence of the appellant and knowingly appropriated her interest in the estate assets. We conclude that this participation in the estate process by the remaining appellees is sufficient to constitute a voluntary submission to the jurisdiction of the court for the purpose of determination of counts one through four of the petition. See In re Estate of Bechtel, 348 So.2d 927 (Fla. 2d DCA 1977); First Wis. Nat'l Bank v. Donian, 343 So.2d 943 (Fla. 2d DCA 1977).
Reversed.
FRANK, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Arrieta-Gimenez v. Arrieta-Negron, 551 So.2d 1184, 1185 (Fla. 1989) (quoting DeClaire v. Yohanan, 453 So.2d 375, 378-9 (Fla. 1984)):

For better understanding, the circumstances under which a judgment may be challenged are set forth as follows:
Within One Year under Rule 1.540(b)
1) Mistake, inadvertence, surprise, or excusable neglect.
2) Newly discovered evidence which could not have been discovered in time to move for a new trial.
3) Any type of fraud, misrepresentation, or other misconduct of an adverse party including intrinsic fraud which occurs during the proceeding such as false testimony.
No Time Limitation under Rule 1.540(b) or Independent Action
1) Where the judgment is void.
2) Where it can be established that the judgment had been satisfied, released, or discharged.
3) Where the judgment has prospective application and equity should now require relief from its present enforcement.
4) Extrinsic fraud which prevents a party from having an opportunity to present his case in court.
[2] § 733.903 provides:

Subsequent administration.  The final settlement of an estate and the discharge of the personal representative shall not prevent a revocation of the order of discharge or the subsequent issuance of letters if other property of the estate is discovered or if it becomes necessary that further administration of the estate be had for any cause.
However, the order of discharge may not be revoked under this section based upon the discovery of a will or later will.