Carmen Felicita **ARRIETA–GIMENEZ**, **etc., et al., Plaintiffs, Appellants,**

v.

Alberto **ARRIETA–NEGRON, et al.,** **Defendants, Appellees.**

No. 88–1085.

United States Court of Appeals, First Circuit.

Feb. 28, 1990.

Ivan Diaz de Aldrey, for appellant Conjugal Partnership.

Blas C. Herrero, Jr., for appellant Carmen Felicita Arrieta–Gimenez.

Earl D. Waldin, Jr., Miami, Florida issues, and Stanley L. Feldstein, Old San Juan, Puerto Rico issues, with whom Kelley Drye & Warren, Smathers & Thompson, Miami, Edward A. Godoy and Feldstein, Gelpi, Hernandez & Gotay, Old San Juan, were on brief, for appellees.

Before CAMPBELL, Chief Judge, TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

The factual and procedural background of this case was set forth in detail in our earlier opinion, *Arrieta–Gimenez v. Arrie-*

*ta–Negron,* 859 F.2d 1033, 1035–36 (1st Cir. 1988). As explained therein, we found, after briefing and oral argument, that the case "depend[ed] upon [unsettled] questions of Florida law, "*id.* at 1042. Accordingly, we certified certain questions to the Florida Supreme Court for resolution. *Id.* at 1042–43.

We are now in receipt of a meticulously crafted opinion of that tribunal. *Arrieta–Gimenez v. Arrieta–Negron,* 551 So.2d 1184 (Fla.1989). There, the Florida Supreme Court stated unequivocally that it would give res judicata effect to a consent judgment approving a property settlement, notwithstanding that, more than one year after entry of the judgment, one party discovered that another party had fraudulently misrepresented, or concealed, information material to the settlement.

We originally advised the parties and the state supreme court that, "if the consent judgment has binding preclusive effect, plaintiff will not be able to proceed [with the instant action]." *Arrieta–Gimenez,* 859 F.2d at 1041. That is, of course, the precise purport and effect of the state court's opinion. We need go no further.

We summarily affirm the grant of summary judgment below because it clearly appears, at this point in the proceedings, that no substantial question remains. 1st Cir.Loc.R. 27.1.

*Affirmed.*