590 So.2d 1057 (1991)
Karlis Guntis FRITSEVICH, et al., Appellants,
v.
In re ESTATE OF Lydia VOSS, Appellee.
No. 91-1375.
District Court of Appeal of Florida, Third District.
December 17, 1991.
Bernstein, Hodsdon, Tannen & Korn and Robert Korn, Miami, for appellants.
Hendricks & Hendricks and Robert Hendricks, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
Lydia Voss, a Latvian immigrant, died intestate in Miami Beach in 1979. A notice of administration was published in 1980. In 1985, Alma Jansons, now 92 years old and a resident of Massachusetts, filed a petition to determine heirs in Voss' estate proceedings, claiming to be a cousin of the decedent. Jansons alleged that her mother, and the decedent's grandmother were sisters. The probate court, by order dated October 29, 1985, determined that Jansons was decedent's sole heir and sole beneficiary of the estate. Distribution of the assets was made, and on August 27, 1987,[1] the probate court issued an order of discharge, closing out the estate proceeding. The order of discharge does not reflect that notice was provided to appellants.[2]
In January 1990, the appellants filed a petition to reopen the estate, to vacate the *1058 order determining heirs, to redetermine heirs, and to order reimbursement of distribution. They alleged that Jansons was a descendant of the decedent's great-grandparents, not grandparents, and as such, was not a surviving heir at law. Each petitioner claimed to be a descendant of the decedent's grandparents, and thus a first cousin of the decedent.
Jansons' attorney and the personal representative filed a motion to dismiss the petition, alleging that it was untimely. The court appointed a guardian ad litem, who recommended that the petition be dismissed as untimely, and suggested that the petitioners file an independent action against Jansons. We reverse the trial court's order dismissing appellants' petition.
Appellants' petition states, in part:
15. Said Order Determining Heirs of October 28, 1985 was enter [sic] in error, based upon false and misleading information, and should be vacated.
16. At the time of entry of said Order Determining Heirs, Alma Jansons knew, or should have known, that her relationship with the decedent was more remote than that of the petitioners and she was not entitled to inherit any portion of the estate.
As in Payette v. Clark, 559 So.2d 630 (Fla.2d DCA 1990), the instant alleged omissions and misrepresentations, if true, denied the Latvian cousins access to the proceeding, thus constituting a fraud upon the court, to which the one-year limitation of Florida Rule of Civil Procedure 1.540(b), providing for relief from judgment, does not apply. See Arrieta-Gimenez v. Arrieta-Negron, 551 So.2d 1184 (Fla. 1989); Whitman v. Whitman, 532 So.2d 82 (Fla. 3d DCA 1988); Feldan v. Goodman, 460 So.2d 515 (Fla. 3d DCA 1984); see also DeClaire v. Yohanan, 453 So.2d 375, 378-79 (Fla. 1984) (no time limitation under Rule 1.540(b) where extrinsic fraud prevents a party from having an opportunity to present his case in court); Val Bostwick v. Cowan's Estate, 326 So.2d 454 (Fla. 1st DCA 1976) (probate court not precluded in proper case from relieving a party from a final judgment or order under Rule 1.540, upon the grounds and within time limits set forth therein).
It is the aforementioned allegation of a fraud upon the court which distinguishes this case from those cases relied upon by the guardian ad litem, where the clear language of section 733.109, Florida Statutes (1989), providing for revocation of probate "before final discharge," was relied upon to deny the reopening of closed estates. See State ex rel. Ashbury v. Haddock, 149 So.2d 552, 555 (Fla. 1962); see also Yellen v. Long, 387 So.2d 384 (Fla. 4th DCA 1980), review denied, 392 So.2d 1381 (Fla. 1981); Padgett v. Padgett's Estate, 318 So.2d 484 (Fla. 1st DCA 1975); In re Jackson's Estate, 236 So.2d 475 (Fla. 4th DCA 1970).
Accordingly, the trial court's order dismissing the appellant's petition is reversed and the case remanded for further proceedings consistent with the statements made herein.
NOTES
[1] The petitioner concedes that in the event of our reversal they do not seek to surcharge the personal representative  nor could they since the personal representative made distribution pursuant to court order.
[2] After the probate court determined Jansons to be decedent's sole heir, but prior to the distribution of assets, appellants filed a request for notice and copies of all papers filed in the case. In the month following the distribution of assets, Jansons' attorney filed a "Notice to Court" which admitted that there appeared to be other relatives who were residents of Latvia. However, no notice of administration, see § 733.212(3) Fla. Stat. (1989), no notice of further proceedings, see Fla.R.P. & G. 5.060, and no copy of petition for discharge and final accounting, see § 733.901(1), Fla. Stat. (1989), were ever provided appellants.