PER CURIAM.
The former wife brings this appeal from a final judgment dismissing her supplemental complaint to modify a final judgment of dissolution of marriage. We have determined that a factual issue exists which could only be resolved by the trial court after first conducting an evidentiary hearing. Therefore we reverse and remand with instructions to conduct an evidentiary hearing.
The former wife filed a supplemental complaint for modification of a November 6,1986 final judgment of dissolution, which incorporated a May 26, 1985 property settlement agreement. The former wife sought an increase in alimony, which under the property settlement agreement was $2,500.00 per month for six (6) years. The complaint was filed on May 17, 1991. The former husband moved to dismiss the supplemental complaint as untimely, arguing that the final alimony payment was made on May 1, 1991. The trial court conducted a hearing but did not take evidence, and dismissed the complaint as untimely.
We reverse and remand for an evi-dentiary hearing to determine whether, as to the payment of alimony, the parties’ settlement agreement was fully executed at the time the former wife’s supplemental complaint was filed.
*147 Although we have determined that remand is necessary for determination of the timeliness of the former wife’s supplemental complaint, we briefly address the former wife’s second point on appeal. The former wife argues that one sentence contained in her supplemental complaint constituted an action for fraud. Even if inclined to agree, we note that the former wife’s claim regarding the secreting of assets by the former husband (intrinsic fraud) must be alleged by way of a Rule 1.540 motion. Arrieta-Gimenez v. Arrieta-Negron, 551 So.2d 1184 (Fla.1989). That being the case, such a claim would be untimely pursuant to Florida Rule of Civil Procedure 1.540(b), having been filed beyond the one (1) year time limit.
REVERSED and REMANDED.
DOWNEY, GUNTHER and POLEN, JJ., concur.