KLEIN, Judge.
Approximately ten months after the personal representative of decedent’s estate under a 1993 will had been discharged, appellants filed a petition to reopen the estate, alleging fraud and mistake. The trial court entered a summary judgment denying the petition, and we affirm.
Appellants, Michigan residents, allege that the decedent executed a prior will in 1984 which named them beneficiaries, that the decedent executed the 1993 will a few days after entering a nursing home, and that he died twenty-two months thereafter. They also allege that the personal representative under the 1993 will did not give notice to the beneficiaries of the 1984 will in order to avoid an attack on the validity of the 1993 will. They seek to reopen the estate on the ground of common law fraud or fraud or mistake under Florida Rule of Civil Procedure 1.540(b).
Section . 733.109(1), Florida Statutes (1995) provides that interested parties may *488 petition to revoke probate “before final discharge of the personal representative.” In Yellen v. Long, 387 So.2d 384 (Fla. 4th DCA 1980), petitioners, who were not named in the will which had been admitted to probate, sought to reopen an estate, alleging they had received no notice of the probate proceedings. In rejecting their claims, we explained that “the applicable statutes do not require that notice be given to heirs not named in a will.” See also In re Jackson’s Estate, 236 So.2d 475 (Fla. 4th DCA 1970).
Appellants recognize that this is the law, but argue that they come under an exception under the common law for fraud, which was not alleged in Jackson and Yellen. We agree with appellants that an estate which has been closed can be reopened for the type of intentional misconduct which amounts to fraud. Liechty v. Hall, 687 So.2d 64 (Fla. 5th DCA 1997)(fraud is recognized as a justification for reopening an estate, even after an order of discharge has been entered), and cases cited therein.
We do not find that appellants’ allegations could amount to fraud. The essence of these allegations is that they were not notified of the death or the probate. Section 733.212(3), however, does not require notice to be served on devisees of prior wills. It does provide that the personal representative “may” give notice to devisees under “a known prior will.” § 733.212(3)(c), Fla. Stat. (1995). Because beneficiaries of prior wills are not required to be given notice under the statute, these allegations are insufficient to constitute the type of fraudulent misconduct which would be grounds for reopening an estate.
Florida does have a statute to protect people who are “apprehensive that an estate may be administered” without their knowledge, which authorizes them to file a caveat which will entitle them to receive notice. § 731.110, Fla. Stat. (1995). If appellants had availed themselves of this procedure, they would have received notice and could have timely asserted their claim.
We also reject appellants’ argument that they are entitled to relief under that part of Florida Rule of Civil Procedure 1.540(b), which provides:
On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.
The civil procedure rules apply only to adversary proceedings in probate. § 731.107, Fla. Stat. (1995). The order of discharge which appellants seek to set aside was not entered in an adversary proceeding.
In addition, rule 1.540(b) authorizes the court to relieve only a “party or a party’s legal representative” from a judgment. Given section 731.107, and the language of rule 1.540(b), we conclude that, in order for rule 1.540(b) to apply, the disputed order must have been entered in an adversary proceeding, and the movant must have been a “party or party’s legal representative” to that proceeding. We acknowledge, however, that other district courts of appeal have applied the fraud ground in rule 1.540(b) to set aside orders which were not entered in adversary proceedings.
In Payette v. Clark, 559 So.2d 630 (Fla.2d DCA 1990), the decedent died intestate and the estate was distributed to nieces and nephews of the decedent. After final order of discharge, another niece, who had not been given notice or listed as a beneficiary or interested party, instituted proceedings to reopen the estate. Even though there had been no adversary proceedings, and she had not been a party, the second district concluded that her allegations would constitute fraud on the court, which would allow her to obtain relief under rule 1.540(b).
The Payette court cited Arrieta-Gimenez v. Arrieta-Negron, 551 So.2d 1184 *489 (Fla.1989) as authority for its reference to rule 1.540(b). In Arrieta-Gimenez, however, the movant seeking relief under rule 1.540(b) was a party to a settlement agreement following adversary proceedings over how the estate was to be divided. She was alleging that the extent of her father’s holdings in Puerto Rico had been fraudulently misrepresented to her when she settled. She thus met the two requirements we deem necessary for application of the rule, first that there were adversary proceedings, and second, that the movant was a party to the adversary proceedings.
In Fritsevich v. Estate of Voss, 590 So.2d 1057 (Fla.3d DCA 1991), the third district applied rule 1.540(b) under facts similar to those in Payette, even though there had been no adversary proceeding and the person moving to reopen the estate had not been a party. The fifth district has also applied rule 1.540(b) under circumstances similar to Payette and Fritsevich in Grimes v. Estate of Stewart, 506 So.2d 465 (Fla. 5th DCA 1987). We certify express and direct conflict with those cases.[1]
Although we would have reached the same result as our sister courts, assuming movants’ allegations in those cases constituted common law fraud, the distinction between using that theory and rule 1.540(b) is important, because the rule authorizes the setting aside of orders or judgments for reasons other than fraud. Indeed, in the present case, the appellants are alleging mistake, as well as fraud, under rule 1.540(b), citing the above cases.
Probate cases differ from lawsuits in that there is usually only one final judgment at the end of a lawsuit, while in probate there can be a number of orders entered at different times on contested issues which finally determine the rights of interested persons. These adversary proceedings are like lawsuits, but can be concluded long before final discharge. Our appellate rules recognize this distinction for purposes of appeal. Florida Rule of Appellate Procedure 9.110(a)(2) allows final appeals to be taken “from orders entered in probate and guardianship matters that finally determine a right or obligation of an interested person as defined in the Florida Probate Code.” When those final appealable orders are entered in adversary proceedings in probate, it is logical that parties be able to avail themselves of rule 1.540(b) in regard to that particular order.
On the other hand, if rule 1.540(b), which contains numerous grounds in addition to fraud on the court, could be used to reopen closed estates in which there had been no adversary proceedings, like this one, there would- be no finality in the administration of estates. The legislature’s inclusion of section 731.107 in our probate code, limiting the applicability of our civil procedure rules to adversary proceedings in probate cases, is consistent with the general purpose of the code, which is to “expedite the settlement of the estates of decedents.” In re Jeffries’ Estate, 136 Fla. 410, 181 So. 833, 837 (Fla.1938) See also In re Williamson’s Estate, 95 So.2d 244, 246 (Fla.1956)(it is a “matter of public policy in this state that the estates of decedents shall be speedily and finally determined with dispatch.”)
Affirmed.
GROSS, J., and BROWNELL, SCOTT M., Associate Judge, concur.

. In In re Beeman's Estate, 391 So.2d 276 (Fla. 4th DCA 1980), after concluding that the rules of civil procedure did not apply because the probate court had not designated the proceedings as adversary, we theoretically discussed the applicability of rule 1.540(b), but concluded that even if that rule had been applicable, the mistake alleged was judicial error, which could have been corrected only by an appeal. Our discussion of rule 1.540(b) was, in light of our conclusion at the beginning of the opinion that the rules of civil procedure were inapplicable, only dicta and not binding on us as precedent. State ex rel. Biscayne Kennel Club v. Bd. of Bus. Regulation, 276 So.2d 823 (Fla.1973).