JOHN G. CHRISTOPHER, JULIA A. WILSON, H. A. WIL-
SON HER HUSBAND, WILLIAM A. McLEAN, WILLIAM
A. McLEAN, JR., AS ADMINISTRATOR OF THE ESTATE
OF WILLIAM A. McLEAN, DECEASED, WILLIAM R.
THOMPSON, LAND MORTGAGE BANK OF FLORIDA,
LIMITED, OF ENGLAND, AND BESSIE A. MARTIN, *Ap-
pellants*, v. JANE MUNGEN AND HENRY MUNGEN,
HER HUSBAND, *Appellees*.

## Opinion filed April 18, 1916.

1.  J. M. and E. L. were half sisters, daughters of J. L. by slave
    marriages. J. L. died in 1894 leaving surviving him his
    widow whom he had married in 1866, and the two daughters
    J. M. and E. L. by slave marriages. The widow survived
    her husband a short while, and died prior to 1899 without
    ,children or other known heirs. The appellants claim title
    to the real property under one of the half sisters who were
    held to have inherited the real property of their ancestor
    J. L. under the Act of 1899 entitled "An Act to Legalize
    the Marriages and Offspring of Persons of African Descent,"
    and were tenants in common of such property. *Held*, that
    appellants could not be heard to insist that the real prop-
    erty was inherited by the widow and at her death escheated
    to the State to defeat a bill for partition brought by the
    half sister of their grantor.

2.  Mere silent possession of land by one tenant in common is
    not sufficient to divest the right of his cotenant. Open, no-
    torious, continuous, adverse possession by one tenant in
    common for a period of seven years will ripen into title
    by adverse possession as against his cotenant only when the
    character of such possession has been brought home to his
    cotenant and thereafter continued for such a period of
    seven years.

Appeal from Circuit Court, Duval County; Geo.
Couper Gibbs, Judge.

Decree affirmed.

*Bisbee & Bedell,* for Appellants;

*N. P. Bryan, J. T. G. Crawford, Axtell & Rinehart* and *Van C. Swearingen,* for Appellees.

ELLIS, J.—This is a suit brought by the appellees as complainants below against the appellants who were defendants, for the partition of certain lands in Duval county. The suit was begun in September, 1909, and has been brought to this court twice before, both times by the defendants below; once from an order overruling their demurrer to the bill of complaint, and again from the decree settling and determining the equities between the parties and decreeing a partition of the lands described. In the first appeal the order overruling the demurrer was affirmed, and in the second the decree was affirmed. Christopher v. Mungen, 61 Fla. 513, 55 South. Rep. 273; Christopher v. Mungen, 66 Fla. 467, 63 South. Rep. 923.

The report as made by the commissioners appointed to make partition of the lands described in the bill shows that as to the lands described in the bill as "all that part of East Lewisville lying east of the Shell Road or Tally-rand Avenue according to map in plat book one page 25 of the public records of Duval County, Florida," the commissioners divided the same into lots extending from Talleyrand Avenue to the channel of the St. Johns River and awarded them to Jane Mungen, Julia A. Wilson and John G. Christopher, except a strip of land 217.8 feet wide lying immediately north of the southern line of East Lewisville extended to the river's channel, which strip was allotted to no one.

John G. Christopher, Julia A. Wilson and H. A. Wilson filed an exception to the report on the ground that the "report is based upon an erroneous conception and understanding of the identity and boundaries of the property described in the bill of complaint and decree of partition" in that the report "includes and proposes to partition land bordering upon the St. Johns river which said land is not described in the bill of complaint and the decree of partition herein."

By leave of the court the complainants amended the bill of complaint so as to describe more particularly the land lying east of the Shell Road or Talleyrand Avenue. The words appearing in the original bill descriptive of this tract were stricken out and the following inserted: "Also all of that certain tract of land lying in said county and State particularly described as follows: 'Beginning on the east side of Talleyrand Avenue, as now located, at the point of intersection with the south line of East Lewisville, thence each along the south line of East Lewisville to the channel of the St. Johns river, thence northerly to the north line of East Lewisville extended to the channel of the St. Johns river, thence westerly along the north line of East Lewisville so extended to the east side of Talleyrand Avenue, thence southwesterly along the east side of Talleyrand Avenue to the place of beginning."

By leave of court the defendants John G. Christopher, Julia A. Wilson and H. A. Wilson thereupon filed their answer to the bill of complaint as amended. This answer set up the same defenses as were contained in the answer filed July 14, 1911. The answer also contained a demurrer to the bill, first, for want of equity, and, second, that at the time the rights of these defendants or those under whom they claim accrued the law of the

State of Florida evidenced by the constitution, statutes and decisions, gave no inheritable blood to the offspring of slave marriages, and the same had become a rule of property assuring to these defendants a vested right, and granting to the plaintiff the relief prayed for in the bill would be a repudiation of the said rule of property and the impairment of the obligation of a contract contrary to the constitution of the United States, and a deprivation of defendants' property without due process of law contrary to the Fourteenth Amendment to the Constitution of the United States." It was also urged in the answer that the cause of action did not accrue within three, four nor seven years, and as to so much of the bill as prayed relief with respect to the lands or property rights not mentioned or described in the original bill of complaint, the cause of action did not accrue within three, four nor seven years.

A stipulation was entered into between the solicitors for the defendants Christopher and Wilson and the complainants to the effect that the defendant Christopher had expended the sum of three thousand and fifty dollars on account of the following items: Improvements and maintenance of the property, costs and expenses and attorneys fees in the ejectment suit against W. R. Thompson and for abstracts of title; that these several expenditures were in themselves reasonable charges against the defendant Christopher, but complainants reserve the question as to whether each of the several charges was for such purpose as would bind a co-tenant to contribution. This constitutes the fifth paragraph of the stipulation.

On the third day of April, 1915, a final decree was made and entered, the parties having submitted no further evidence. The decree allotted and set off to Jane

Mungen certain portions of the property described and declared her to be the owner in fee simple and entitled to the possession thereof, and certain other portions of the property were allotted and set off to John G. Christopher and Julia A. Wilson respectively and they were declared to be the owners in fee simple and entitled to the possession thereof. The complainants were required to pay to the defendants Christopher and Wilson certain sums of money on account of taxes and searches and to W. A. McLean, Jr., as Trustee, the sum of two hundred and twelve and 14-100 dollars, and declared said amounts so ordered to be paid to be liens upon the land allotted to Jane Mungen. No part of the three thousand and fifty dollars expended by J. G. Christopher according to the stipulation was decreed to be paid by the complainants. From this decree the appeal was taken, and four errors are assigned as follows: First, the court erred in allotting and setting off to Jane Mungen certain lands described and declaring her to be the owner in fee simple and entitled to possession thereof; second, the court erred in allotting and setting off to Jane Mungen that portion of the property not included in the original bill of complaint; third, the court erred in not dismissing the bill of complaint, and, fourth, the court erred in not allowing to the appellant Christopher as against the complainants one-half of the expenditures mentioned in the stipulation, paragraph five.

The questions involved in and discussed under the first and third assignments of error, except those involving the three and four year clauses of the statute of limitations were settled in the former opinions, and the questions there decided constitute the law of the case. Ross v. Savage, 66 Fla. 106, 63 South. Rep. 148; Harper Piano Co. v. Seaboard Air Line Ry. Co., 65 Fla. 490,

62 South. Rep. 482; McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910. That Jane Mungen and Eliza Lewis were children of customary slave marriages, and James Lewis was their father; that upon the death of James Lewis his wife Elizabeth, whom he married in 1866, and by whom he had no children took only a dower in his property, and upon her death the title reverted to the children of James Lewis, who were Jane Mungen and Eliza Lewis; that both complainants and defendants claim title to the lands described in the bill under James Lewis to whose heirs Jane and Eliza the beneficial interest in his lands passed, as the trust deed or power of sale given by Lewis to McLean carried no title or estate to the heirs of McLean upon his death, and that the complainant was not guilty of laches are points in this litigation which have been settled by the former decisions in this case.

· Defendants insist that there was no reversion to Jane Mungen because children born in slavery could not be heirs of their parents, and such was the state of law when James Lewis died, which was in the year 1894. Not until the year 1899 did the legislature enact the statute entitled "An Act to Legalize the Marriages and Offspring of persons of African Descent." That at his death therefore his wife Elizabeth became his sole heir at law under the statute of descents, and that she and not Jane Mungen inherited the property. If this is true, it applies also to Eliza L. Lewis, the half sister of Jane, and under whom the defendants claim. There is nothing whatever in the record to show that the defendants' title is connected with Elizabeth Lewis or any person claiming under her. At the time of her death she was an ex-slave and died without children or other heirs so far as the record shows to the contrary. If this is true the property

escheated to the State. The defendants cannot complain that the court found that the law confined Elizabeth to her dower and that the legislature by the act of 1899 made it possible for the children of James Lewis to inherit his estate, and thereby prevented an escheat. Johnson, et al. v. Wilson, 48 Fla. 76, 37 South. Rep. 179.

The record does not show that the defendants had acquired title to any part of the lands involved by adverse possession as against Jane Mungen. In the former opinion the court found no acts of the defendant showing continuous notorious adverse occupation of the property, nor do we find such evidence as to the land which it is claimed was not embraced in the original bill and included in the bill as amended. The three and four year clauses of the statute of limitations do not apply. A tenant in common of lands cannot by mere silent possession alone divert the right of his co-tenant. Nothing less than an open, notorious, adverse possession brought home to his co-tenant and continued for the period of seven years will ripen into a title by adverse possession of the land theretofore held in common. Gracy, et al. v. Fielding, decided at this term, 70 South. Rep. 625.

We find no reason for disturbing the conclusion of the Chancellor on the question of the expenditure by J. G. Christopher and made the subject of the fifth paragraph of the stipulation.

There is no error in the decree, and it is, therefore, affirmed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and WHITFIELD, JJ., concur.