60 So.2d 531 (1952)
COOK et al.
v.
ROCHFORD et al.
Supreme Court of Florida, Division B.
August 5, 1952.
Rehearing Denied September 2, 1952.
*532 Paul Ritter, Winter Haven, for appellants.
Surles & Trawick, Lakeland, for appellees.
MATHEWS, Justice.
This is an appeal from the final decree quieting title to certain lands in Polk County in the appellees.
In 1921 John Wilkes, a resident of Terrell County, Georgia, acquired the fee simple title to the property in question. He died in 1922, and under his will the fee simple title to the land became vested in Maggie Wilkes and Emily Cook, each acquiring an undivided one-half interest. Emily Cook, the appellant, is the daughter of John Wilkes and is a resident of Terrell County, Georgia, and so far as the record discloses has never lived or resided in Florida. Mrs. Cook never made any conveyance of any kind whatsoever of her one-half interest in this land.
In 1931 Mrs. Wilkes executed a quitclaim deed conveying her interest in the land to the appellee, Mrs. Sneed. The deed did not attempt to convey the entire property to Mrs. Sneed but only the interest of Mrs. Wilkes, which was only an undivided one-half interest. The quitclaim deed above mentioned conveys "all of the right, title, interest, claim and demand *533 which the said party of the first part has in and to the following described lot", etc. By reason of various conveyances the appellees claim that Helen Sneed Rochford had a fee simple title to the property subject to a life estate in Mary E. Sneed.
Some time after 1931 Mrs. Sneed constructed a filling station on the land which was torn down about five years later. Some time after that two small frame buildings were constructed on the land and were rented out by Mrs. Sneed. Mrs. Sneed and her tenants had possession of the buildings on the land thereafter. The testimony of Mrs. Sneed was that she never heard of Mrs. Cook and there is no evidence in the record that Mrs. Cook was ever given any notice of any kind that Mrs. Sneed was claiming the entire property adversely to her.
In its final decree the Court held that in and by the quitclaim deed above mentioned Maggie Wilkes intended to convey all of the property and not simply her undivided one-half interest and, therefore, said quitclaim did constitute color of title for Mrs. Sneed. The Court then recited the character of the possession of the property and that such possession was sufficient to perfect title as against all persons whomsoever and that Mrs. Cook by her long delay and acquiescence lost all right or title which she may have had in the property.
Two questions are propounded: (1) Where land is owned by two tenants in common, each having an undivided half interest, and one cotenant, by quitclaim deed, conveys only her interest to a third person, does such quitclaim deed constitute color of title as a basis for adverse possession by such third person as against the interest of the other tenant in common, and (2) May one tenant in common, without any color of title as to the interest of her cotenant, without any ouster of the cotenant, and without bringing home to the cotenant notice of adverse claim, acquire title by adverse possession as against the interest of such cotenant?
As to the first question, if the quitclaim deed had purported to convey the entire property, it might have constituted color of title as to the whole. Compare Futch v. Parslow, 64 Fla. 279, 60 So. 343, 344. But in this case the quitclaim deed did not purport to convey anything more than the right, title or interest of Mrs. Wilkes. Under such facts the case of Futch v. Parslow, supra, is pertinent. In that case the Court said:
"The circumstances relied on to show that Parslow did not claim or hold adversely to Mrs. Futch before and after she became of age were submitted to the chancellor, and, in view of the conveyance of the entire property and of Parslow's acts and conduct while in possession, the chancellor was justified in finding from the evidence that Parslow did hold adversely to Mrs. Futch." (Italics supplied.)
In 2 C.J.S., Adverse Possession, § 72 p. 603, the author states:
"* * * in the case of a grantor who is a tenant in common, a quitclaim deed conveying his right, title, and interest is color of title only as to such interest, * * *."
See Gracy v. Fielding, 71 Fla. 1, 70 So. 625; 1 Am.Jur., p. 828; 1 Am.Jur., pp. 830, 831.
The appellees urge that because the quitclaim deed required the grantee to assume all taxes against the lot, strength is added to the contention that the quitclaim deed was color of title. The requirement that taxes should be assumed by the grantee was no part of the granting clause of the deed. It is a mere recital appearing subsequent to the granting clause and cannot be considered as showing an intention on the part of the grantor to convey any more than her interest. 26 C.J.S., Deeds, §§ 116, 129, pp. 413, 430, 431.
It is therefore apparent that the Chancellor applied the wrong rule of law in holding that the quitclaim deed to a one-half interest in the property constituted color of title as to all of the property.
As to question number two our holding with reference to question number one establishes the fact that Mrs. Wilkes *534 and Mrs. Cook were tenants in common of the land and that the deed from Mrs. Wilkes conveyed only her one-half interest to Mrs. Sneed. Therefore, Mrs. Cook and Mrs. Sneed became cotenants and Mrs. Sneed simply took the place of her grantor, Mrs. Wilkes, and thereafter Mrs. Cook and Mrs. Sneed owned the land as tenants in common. Carr v. Lesley, 73 Fla. 233, 74 So. 207.
The record fails to show that Mrs. Sneed ever made any effort to communicate with Mrs. Cook or to inform her of any adverse claim. It is well settled that the possession of one cotenant is presumed to be for the right of and for the benefit of all the cotenants and one will not be permitted to claim against the other without giving some kind of notice. In the case of Gracy v. Fielding, supra, this Court said [71 Fla. 1, 70 So. 627]:
"The possession of one tenant in common is prima facie presumed to be the possession of all, and such possession does not become adverse to the other cotenants, unless they are actually ousted, or unless the possession of the one is exclusive of and openly hostile to his cotenants, and the character of such possession is brought home to them by actual notice of such adverse holding, or that such possession is so open and notorious in its hostility to and exclusiveness of them as to put them on notice of its adverse character. * * *
"The occupation by Gracy of the land described in the bill having begun as that of a cotenant, it will be presumed to have continued as such, and if he claims to the contrary it was incumbent upon him to aver in his answer an open and manifest renunciation of the tenure of his cotenants, brought home to them by actual notice of the character of his possession, or by such acts of ownership on his part as to charge them with notice of the exclusiveness and hostility of his possession as to them."
See 14 Am.Jur., p. 166; 1 Am.Jur., pp. 821, 822; 1 Am.Jur., pp. 824, 825; 1 Am. Jur., p. 828.
In the case of Gracy v. Fielding, supra, Mr. Justice Ellis quoted with approval from the case of Reed v. Bachman, 61 W. Va. 452, 57 S.E. 769, as follows:
"`No mere silent possession by one for any length of time will alone divest the right of a brother tenant; that brother tenant may be in any part of this earth distant from the land, and he may repose in silence and confidence that his fellow's occupation will not destroy his right. He may assume this and sleep in composure. It is for the occupying tenant to let him know that he claims in hostility. The burden of showing this rests on him. Diligence is not required of the absent brother.'"
See also Christopher v. Mungen, 71 Fla. 545, 71 So. 625.
The undisputed facts in this case fail to show color of title to the undivided one-half interest of Mrs. Cook and that title to the same was acquired by adverse possession.
Reversed with directions to set aside the final decree and proceed further in accordance with this opinion.
SEBRING, C.J., ROBERTS, J., and FUTCH, Associate Justice, concur.