PER CURIAM.
 This is an appeal from a final decree setting aside, for intrinsic fraud on the court, a quiet title decree which had been entered two years earlier. The decree also ruled that service by publication on a named part owner on the basis of residence unknown “if living” or if dead his heirs, etc., was defective. The chancellor erred in rejecting the service by publication, which, otherwise regular, was held to be bad on a showing that a skilled subsequent investigation extending over a period of months revealed that the party in question was dead and resulted in locating his heirs in California. The predicate for service by publication against the particular named defendant, as having an unknown place of residence, and if dead on his unknown heirs, was not shown to be insufficient under the established rule, as set out in McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 831-832, 51 A.L.R. 731; Balian v. Wekiwa Ranch, 97 Fla. 180, 122 So. 559, 563-564; Grammer v. Grammer, Fla.1955, 80 So.2d 457. But the decree appealed from is affirmed on the ground that there was sufficient evidence before the chancellor to support his decision in setting aside the prior decree for fraud. See Cook v. Rochford, Fla.1952, 60 So.2d 531, 32 A.L.R. 2d 1210.
Affirmed.