506 So.2d 465 (1987)
Vida GRIMES, et al., Appellants,
v.
The ESTATE OF Edith STEWART, Deceased, Appellee.
No. 86-856.
District Court of Appeal of Florida, Fifth District.
April 30, 1987.
*466 Kelvin L. Averbuch of Newman and Eaton, Orlando, for appellants.
James R. Spence, Orlando, for appellee.
SHARP, Judge.
Grimes appeals from a judgment by the probate court which dismissed her objections to distribution of assets and her petition to revoke the probate of a will in the Estate of Edith Stewart. The estate was closed and an Order of Discharge was issued on February 13, 1986. Grimes' Petition was filed on March 4, 1986. The probate court refused to consider the merits of Grimes' petition because it was "untimely." We reverse.
Although the Petition could have been more artfully drawn, it appears to us to be sufficient and timely pursuant to rule 1.540(b).[1] Grimes alleges she is an heir at law and niece of the decedent, Edith Stewart, and that she is a beneficiary, among others, of an inter vivos trust and earlier pour-over will, both of which were executed in 1977. She was therefore an "interested party" almost by definition of the probate code.[2]
As an interested party, Grimes was entitled to have been served with notice of the probate of her aunt's estate.[3] She alleged she was not so served, although Roberts, the brother of Stewart and her personal representative, knew these facts. He failed to identify any person other than himself as a beneficiary of the estate.
Grimes further alleged that Roberts had had Stewart declared incompetent by the Circuit Court of Pinellas County on January 18, 1985. He had himself appointed as her guardian, and three months prior to her death in August 1985, procured her execution *467 of the will which was probated. Grimes alleges Roberts fraudulently failed to inform the probate court that Stewart had been declared incompetent at the time she executed the will he offered for probate, and that he intended to deprive Grimes and the other beneficiaries of their inheritance under the pour-over will and trust.
We think the petition sufficiently alleged fraud as a basis to open the estate after the order of discharge was entered.[4] Although a declared incompetent may have sufficient lucid moments during which to execute a valid will,[5] nevertheless, adjudication of incompetency of a testator creates a prima facie case against the proponent of such a will.[6] Such a situation imposes a duty on the part of the proponent to reveal to the probate court the fact of the decedent's incompetency, and would make all known beneficiaries under a prior will, or heirs at law, "interested parties" due informal notice under the Probate Code.
REVERSED AND REMANDED.
COBB and COWART, JJ., concur.
NOTES
[1] Rule 1.540(b) states as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; ... . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.
[2] Section 731.201(21), Florida Statutes (1985) reads as follows:

"Interested person" means any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved. In any proceeding affecting the estate or the rights of a beneficiary in the estate, the personal representative of the estate shall be deemed to be an interested person. The term does not include an heir at law or a devisee who has received his distribution. The meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings.
[3] §§ 731.301(2)(a) & (4), Fla. Stat. (1985).
[4] Fraud is a ground upon which a probate proceeding may be opened after an order of discharge is issued. Van Dusen v. Southeast First National Bank, 478 So.2d 82 (Fla. 3rd DCA 1985); In re Estate of Killinger, 448 So.2d 1187 (Fla. 2d DCA 1984).
[5] In re Estate of Edwards, 433 So.2d 1349 (Fla. 5th DCA 1983); In re Estate of Weihe, 268 So.2d 446 (Fla. 4th DCA 1972), quashed on existing facts, 275 So.2d 244 (Fla. 1973); Skelton v. Davis, 133 So.2d 432 (Fla. 3rd DCA 1961).
[6] In re Ziy's Estate, 223 So.2d 42 (Fla. 1969); Skelton v. Davis, 133 So.2d 432 (Fla. 3rd DCA 1961).