HENDRY, Judge.
This appeal is from the entry of a final judgment based upon a finding by the trial court in a quiet title suit that the claim of the plaintiffs was barred by “failing to bring suit within the applicable statutes of limitations.” We reverse based upon the following analysis.
The facts need be stated only briefly. In 1936, Lillie Belle Egger acquired title to Lots 3, 4, 5, and 6 of a platted subdivision in Dade County. She was married to George Egger, but held the property in her own name. Lillie died in 1967, survived by George and five adult children, each of whom inherited a one-sixth interest in each of the lots as tenants in common, according to the laws of descent and distribution in *1169 effect at that time.[1] The four surviving children of Lillie Egger and the heirs of the deceased child are the plaintiffs herein.
In 1968, George married Mary I. Egger, the defendant. In 1974, he executed a quitclaim deed to himself and Mary as tenants by the entireties as to all of his interest in Lots 5 and 6. George died in 1977, and his will left all his property to his wife, Mary. In 1979, Mary deeded Lots 3 and 4 to a third party.[2]
In 1984, the plaintiffs filed a quiet title action seeking a determination of their property rights in the four lots. At the same time, they filed an action in probate court probating their mother’s estate. The plaintiffs herein were determined by the probate court to be the heirs of Lillie Belle Egger.
Regarding the quiet title action, the trial court ruled that as tenants in common, the plaintiffs shared among them a five-sixths interest in Lots 3 and 4, the other one-sixth being held by the grantee of Mary Egger, Mary having inherited the one-sixth interest upon George’s death. Plaintiffs appeal the trial court's finding which quieted title to Lots 5 and 6 in Mary pursuant to section 95.22, Florida Statutes (1985).[3]
Plaintiffs argue, and we agree, that section 95.22 is not applicable to the instant case. A quitclaim deed conveying right, title and interest of a tenant in common in land is color of title only as to such interest. Cook v. Rockford, 60 So.2d 531 (Fla. 1952). It merely purports to convey whatever right, title or interest that the grantor has. 1 R. Boyer, Florida Real Estate Transactions, Deeds, § 7.05 (1986).
The deed which George signed in 1974 to himself and to his wife Mary, was a quitclaim deed. Since George held only a one-sixth interest in each of lots 5 and 6, he could convey only that interest. Upon George’s death, Mary became sole holder of a one-sixth interest in each of lots 5 and 6.
Secondly, we agree with the plaintiffs that a clear reading of the language of subsection (2) indicates that the statute “shall not apply to persons whose names appear ... as the heirs in proceedings brought to determine their identity in the office of the judge administering the estate of decedent.” See Thayer v. State, 335 So.2d 815 (Fla. 1976) (to determine legislative intent, court will look to plain language of statute); Citizens of Fla. v. Public Service Comm’n, 435 So.2d 784 (Fla. 1983) (where words of a statute are clear and unambiguous, judicial interpretation is not appropriate to displace the expressed intent); Holmes v. Blazer Fin. Services, Inc., 369 So.2d 987 (Fla. 4th DCA 1979) (Florida district court of appeal is bound to give effect to clear words legislature has chosen to use in a statute).
In the instant case, the plaintiffs were determined to have been the heirs of Lillie Belle Egger. Therefore, the seven year statute of limitations does not apply to them.
Reversed and remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded.

. Section 731.23, Fla.Stat. (1967).

. This third party, who was joined as a defendant at the trial court level, is not a party to this appeal.

. 95.22 Limitation upon claims by remaining heirs, when deed made by one or more.—
(1) When any person owning real property or any interest in it dies and a conveyance is made by one or more of his heirs or devisees, purporting to convey, either singly or in the aggregate, the entire interest of the decedent in the property or any part of it, then no person shall claim or recover the property conveyed after 7 years from the date of recording the conveyance in the county where the property is located.
(2) This section shall not apply to persons whose names appear of record as devisees under the will or as the heirs in proceedings to determine their identity in the office of the judge administering the estate of decedent.