KLEIN, Judge.
We affirm the trial court’s conclusion that appellants were barred by adverse possession from claiming an interest in property on which Delray Beach has operated a tennis facility since 1937.
The stipulated facts begin with the owner of the property, Samuel McGrew, having died intestate in 1931. According to probate court records, decedent’s brother, A.P. McGrew, inherited a one-quarter interest and other relatives of the decedent inherited other fractional interests. The estate was closed in 1933, and by operation of law they all became tenants in common.
In 1935 Delray Beach decided to acquire the property, and A.P. McGrew executed a deed conveying “any right, title or interest he may have in and to” the property to the city for consideration of $25. Sometime between 1935 and 1937 the city entered into possession of the property and improved it by constructing a municipal tennis center which has been in operation since then. In 1936 the property, because it was owned .by the city, became exempt from county taxes.
The city never gave the heirs of Samuel McGrew who inherited the other three quarters of the property any notice that the city was claiming ownership, and they were not aware that they had any interest in the property until 1990.
The city brought this action to quiet title to the property. The trial court concluded on these undisputed facts that the city now owned the property by adverse possession without color of title, pursuant to section 95.18, Florida Statutes (1991). The court rejected the city’s claim of title pursuant to Chapter 712, Florida Statutes (1991), Marketable Record Title Act (MRTA) because the deed did not purport to transfer full title to the property to the city. The court denied the city’s claim for adverse possession under color of title pursuant to section 95.16, Florida Statutes (1991), for the same reason.
Appellants argue that Delray Beach did not sustain the burden of proof necessary to establish adverse possession by one coten-ant against another cotenant, citing Cook v. Rockford, 60 So.2d 531 (Fla.1952), and Gracy v. Fielding, 71 Fla. 1, 70 So. 625 (1916).
In Cook, John Wilkes died in 1922 and Maggie Wilkes and Emily Cook each inherited an undivided one-half interest in Florida land. Emily was a resident of Georgia. In 1931 Maggie conveyed her interest in the property to Sneed by quitclaim deed. Sneed then constructed buildings on the property and rented them out. Ultimately Sneed sued Emily to quiet title to the property and claimed adverse possession. The trial court ruled in favor of Sneed, but our supreme court reversed, stating:
It is well settled that the possession of one cotenant is presumed to be for the right of and for the benefit of all the cotenants and one will not be permitted to claim against the other without giving some kind of notice. In the case of Gracy v. Fielding, supra, this Court said [71 Fla. 1, 70 So. 625]:
*115 “The possession of one tenant in common is prima facie presumed to be the possession of all, and such possession does not become adverse to the other cotenants, unless they are actually ousted, or unless the possession of the one is exclusive of and openly hostile to his cotenants, and the character of such possession is brought home to them by actual notice of such adverse holding, or that such possession is so open and notorious in its hostility to and exclusiveness of them as to put them on notice of its adverse character. * * * (Emphasis added)
'60 So.2d at 534.
Appellants argue that Cook and Gra-cy require actual notice in order for one cotenant to establish adverse possession against another cotenant. We disagree. We read the two cases as stating that adverse possession can be established by something less than actual notice. Otherwise the Gracy court would not have said “actual notice ... or ... possession so open and notorious ... as to put them on notice, of its adverse character.”
The trial court found that the operation of the municipal tennis center by the city on this property for over 50 years constituted such “open and notorious” possession as to be sufficient under Cook and Gracy, and we conclude that the stipulated facts support that conclusion.
Even if Cook and Gracy required actual notice, we believe those cases would be factually distinguishable from the present case, because in the present case the non-possesso-ry cotenants were not aware they had any interest in the property. The rationale of the cases placing a higher burden of proof of adverse possession on cotenants is based on the fact that cotenants ought to be able to repose confidence in each other. This is apparent from our supreme court’s quotation in Cook from Reed v. Bachman, 61 W.Va. 452, 57 S.E. 769 (1907):
No mere silent possession by one for any length of time will alone divest the right of a brother tenant; that brother tenant may be in any part of this earth distant from the land, and he may repose in silence and confidence that his fellow’s occupation will not destroy his right. He may assume this and sleep in composure. It is for the occupying tenant to let him know that he claims in hostility. The burden of showing this rests on him. Diligence is not required of the absent brother.
60 So.2d at 534.
In Nicholas v. Cousins, 1 Wash.App. 133, 459 P.2d 970 (1969), the court recognized this distinction and held that a non-possessing cotenant who is unaware of his interest in the property is in the same position as any other member of the public. See also, McKinney v. Beattie, 157 Ark. 356, 248 S.W. 280 (1923); Replogle v. Replogle, 350 S.W.2d 735 (Mo.1961).
In Nicholas the court quoted from In re Broderick’s Will, 21 Wall. 503, 519, 88 U.S. 503, 519, 22 L.Ed. 599 (1874):
Parties cannot thus, by their seclusion from the means of information, claim exemption from the laws that control human affairs, and set up a right to open up all the transactions of the past. The world must move on, and those who claim an interest in persons or things, must be charged with knowledge of their status and condition, and of the vicissitudes to which they are subject.
Affirmed.
GUNTHER and FARMER, JJ, concur.