PER CURIAM.
Appellant, Dona Liechty, seeks review of an order dismissing with prejudice her “Verified Petition for Revocation of Probate” and “Petition for Subsequent Administration.” Relief was sought in these filings based on the allegation that the will admitted to probate was a forgery. We agree with appellant that the petitions should not have been dismissed without leave to amend. The relief sought was not absolutely barred by virtue of the discharge of the personal representative because fraud is recognized as a justification for reopening an estate, even after an order of discharge has been entered. See, e.g., Fritsevich v. Estate of Voss, 590 So.2d 1057 (Fla. 3d DCA 1991); Payette v. Clark, 559 So. 2d 630 (Fla. 2d DCA 1990); Grimes v. Estate of Stewart, 506 So.2d 465 (Fla. 5th DCA 1987); In re Estate of Beeman, 391 So.2d 276 (Fla. 4th DCA 1980); Yellen v. Long, 387 So.2d 384 (Fla. 4th DCA 1980), review denied, 392 So.2d 1381 (Fla.1981), and cert. denied, 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 122 (1981); Padgett v. Estate of Padgett, 318 So.2d 484 (Fla. 1st DCA 1975). This remedy is available in the case of both testate and intestate estates. Grimes, 506 So.2d 465.
On remand, appellant shall have leave to file amended petitions that more fully plead the facts and circumstances surrounding the fraud or forgery, or its discovery. Allegations of the perpetration of a fraud on the court, such as through a forged will, should be as strong as possible under the circumstances of the given case in order to warrant the commencement of an investigation by the circuit court. Padgett, 318 So.2d 484.
AFFIRMED in part; REVERSED in part; and REMANDED.
PETERSON, C.J., and GOSHORN and GRIFFIN, JJ., concur.