THOMPSON, J.
Jonathon Dean, as personal representative, and Mario Lamon Williams appeal the order revoking probate and reopening the estate of Cecil Gadson a/k/a Cecil Gasden (“decedent”). We affirm the trial court’s order because there is evidence that the personal representative committed fraud on the court by faffing to disclose to the court the possibility of a subsequent will and an “interested person.”
Cecil Gadson died on 8 June 2000, and on 26 September 2000, the court admitted to probate a 1974 will in which the dece *488 dent devised all his property to his step-grandson, appellant Mario Williams. The petition for administration stated that the only assets of the estate were “homestead property valued at $11,775.00 and cash in the amount of $6,000.00.” The court appointed attorney Jonathan Dean personal representative of the estate.[1] On 20 November 2000, attorney Henry J. Prominski contacted Dean stating that in 1999, he had prepared a. power of attorney and a will for the decedent. The will named Jackie Bentley[2] personal representative and sole devisee. Dean informed Promin-ski that a prior will had been admitted to probate, and Prominski, who was not representing Bentley, replied that he would advise Bentley to take appropriate action.
On 28 November 2000, Dean contacted Detective David Byrd of the Marion County Sheriffs Office, alleging that Jackie Bentley had used the power of attorney given to him by the decedent to remove $17,000 from the decedent’s bank account and had used the money to open a bank account in his name. Dean told Detective Byrd that the removal of the funds was beyond the scope of Bentley’s power of attorney and requested that Detective Byrd investigate to determine if any criminal laws had been violated. On 29 November 2000, Dean told Detective Byrd that Bentley may have a new will naming Bentley the beneficiary of the decedent’s entire estate. Detective Byrd telephoned Bentley regarding the 1999 will. Bentley told Detective Byrd that he had possession of the original 1999 will, and Detective Byrd told Bentley to file the original with the clerk of the court and to fax a copy to him. Bentley did as he was told and filed the 1999 will on 1 December 2000.[3] Detective Byrd gave a copy of the 1999 will to Dean. Detective Byrd informed Dean that he had found no criminal violations and stated that the matter should be handled civilly. Dean agreed and Detective Byrd closed the investigation.
Dean filed a petition for discharge without mentioning the 1999 will to the court. In the petition, Dean stated that “[t]he only persons, other than Petitioner [Dean] having an interest in this proceeding ... are: Mario Lamon Williams.” On 28 February 2001, the court entered an order of discharge. On 3 May 2001, Bentley filed a petition for revocation of probate alleging fraud because the personal representative had been aware of the existence of the 1999 will.
The trial court revoked probate of the will and reopened the estate because Dean had misrepresented to the court that there were no other interested parties and did not disclose the 1999 will. On appeal, the appellants contend, in essence, that because Dean “decided” that Bentley was not an interested person, he was not required to disclose that the 1999 will had been filed in the probate case or that Bentley was a *489 possible interested person, and therefore that there had been no fraud on the court. We disagree.
Bentley was an interested person. Section 731.201(21), Florida Statutes, defines an “interested person” as one “who may reasonably be expected to be affected by the outcome of the particular proceeding involved....” If Bentley was the beneficiary of a valid will, he certainly would have been affected by the outcome of the probate proceedings, and the personal representative should have disclosed this possibility to the probate court prior to discharge. See Grimes v. Estate of Stewart, 506 So.2d 465, 466 (Fla. 5th DCA 1987) (holding that a person who alleged she was an heir-at-law, the beneficiary of a pour-over will, and the niece of the decedent was an interested person).
The appellants also argue that the estate should not have been reopened because a petition for revocation of probate must be brought before discharge, and Bentley did not file the petition for revocation until after the order of discharge was entered. Although sections 733.208 and 733.109, Florida Statutes, provide that a petition for revocation of probate should be filed before discharge, fraud is recognized as justification for' reopening an estate, even after an order for discharge has been entered. Liechty v. Hall, 687 So.2d 64, 65 (Fla. 5th DCA 1997); Padgett v. Padgett’s Estate, 318 So.2d 484, 485 (Fla. 1st DCA 1975). Also, Rule 1.540(b), Florida Rules of Civil Procedure provides that “[o]n motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons: .... fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.” The personal representative contends that he committed no fraud under the “standard elements of fraud,”[4] but the Florida Supreme Court defines “fraud on the court” as:
[The] prevention of an unsuccessful party [from] presenting his case, by fraud or deception practiced by his adversary; keeping the opponent away from the court; falsely promising a compromise; ignorance of the adversary about the existence of the suit or the acts of the plaintiff; fraudulent representation of a party without his consent and connivance in his defeat; and so on.
DeClaire v. Yohanan, 453 So.2d 375, 377 (Fla.1984), superseded by rule on other grounds, see Lefler v. Lefler, 776 So.2d 319, n. 1 (Fla. 4th DCA 2001).
In the instant case, Dean concedes in his brief that he was informed by attorney Prominski of the alleged existence of the 1999 will. However, Dean did not disclose the information to the court and stated under oath that there were no other interested parties. As the trial court wrote, Dean’s failure to disclose this information prevented the court from addressing what procedures needed to be taken regarding Bentley and the 1999 will. Bentley was an interested person entitled to an opportunity to be heard, and the personal representative prevented this. See Fritsevich v. Estate of Voss, 590 So.2d 1057, 1058 (Fla. 3d DCA 1991) (holding that allegations by appellants that the putative beneficiary *490 knew that she was not entitled to inherit any portion of the estate, if true, denied the appellants access to the proceedings and constituted fraud upon the court). The order stated in part:
Dean, the Personal Representative, is also an attorney licensed to practice law in the State of Florida and, as an officer of the Court, has specific obligations to the Court. In the present case, Dean became aware of the existence of the 1999 Will filed well prior to the filing of the Petition for Discharge and that the 1999 Will completely altered the distribution plan of the 1974 Will. It is not inconceivable that the Testator, after 25 years, may have changed his mind as to the distribution plan since the sole beneficiary in the 1974 Will and the sole beneficiary in the 1999 Will are different and are neither the children, grandchildren, or surviving spouse of the Testator. Rather than giving the predecessor Circuit Judge, prior to closing the Estate, an opportunity to address what, if any procedures should be taken regarding Bentley, the Personal Representative filed a Petition, under oath, representing to the Court that there were no other interested persons in this proceeding other than the Personal Representative and the sole beneficiary under the 1974 Will. In reviewing the totality of the facts and circumstances that were before the Personal Representative at the time he filed his Petition for Discharge, the Court finds that these statements in the Petition were not correct and that Jackie Bentley was an interested person under the statute and was entitled to receive notice on the Petition for Discharge and an opportunity to be heard before the Estate was closed ....
(emphasis added).
Dean argues that “as a matter of public policy, the reasonable decisions of personal representatives should not be subject to ‘Monday morning quarterbacking’ by the courts after the estate is closed and the personal representative discharged.” This stance is troubling because the misstatement of material facts cannot be viewed as a reasonable decision. Dean had been notified about the 1999 will by an attorney and a detective, and Dean was aware that the 1999 will was in the court file. The failure to bring the will to the attention of the trial court and the misstatement of fact are not only violations of the duties of a personal representative, they violate that part of the attorney’s oath which provides: “I will employ for the purpose of maintaining the causes confided to me such means only as are consistent with truth and hon- or, and will never seek to mislead the judge or jury by any artifice or false statement of fact or law.”[5] As the trial court wrote:
“Once he became aware of the 1999 will, under the specific undisputed facts of this case, he had to provide notice of the petition of discharge to the beneficiary under the subsequent will, especially when the subsequent will materially and completely changed the prior distribution plan, prior to seeking the discharge and of equal importance, was obligated to make the court specifically aware of the existence of Bentley to allow the court to make a reasoned and informed decision as to what, if anything, needed to be done regarding Bentley.”
(emphasis added).
The order reopening the estate is affirmed. We also direct the trial court’s attention to Canon 3 D(2), Florida Code of Judicial Conduct, which requires a judge to take appropriate action “when a judge *491 receives information or has actual knowledge that substantial likelihood exists that a lawyer has committed a violation of the Rules Regulating The Florida Bar.... ”
AFFIRMED.
PETERSON and PALMER, JJ„ concur.

. See § 733.301(l)(a)(2), Fla. Stat. In the petition for administration, Dean nominated himself to be personal representative. The personal representative named in the 1974 will had predeceased the decedent, and in the petition for administration, the alternate person relinquished her right to serve in favor of Dean. Also, the beneficiary of the 1974 will, Williams, consented to Dean serving as personal representative.

. The record shows that Jackie Bentley was the decedent's nephew and apparently had maintained the decedent’s home after the decedent died.

.At the time that Bentley filed the 1999 will, he was acting pro se and did not retain an attorney until he filed the petition for revocation of probate. In a sworn affidavit, Lisa Booth stated that she was formerly employed by the Probate Division of the Marion County .Clerk’s Office, had received and filed the 1999 will, and had notified the personal representative of the 1999 will.

. The appellants state in their brief that the usual elements of fraud are:
1. A false statement concerning a specific material fact;
2. The maker’s knowledge that the representation is false;
3. An intention that the representation induces another’s reliance; and
4. Consequent injury by the other party acting in reliance on the representation.

. See Oath of Admission, to The Florida Bar.