PER CURIAM.
John C. Carraway, Jr., petitioner, petitions this court for a writ of prohibition, seeking to prohibit the trial court from ruling on a petition for discharge in a probate proceeding. Petitioner argues that there is a pending appeal in this court of the trial court’s order denying his motion to revoke the personal representative and petition for appointment of successor personal representative. After this appeal was filed, respondent filed a notice of final accounting and petition for discharge. Petitioner objected, contending that the trial court did not have jurisdiction while the appeal was pending. The trial court eventually held that it had jurisdiction but had not issued a written order on the petition for discharge.
The mere fact that the order relating to the appointment of the personal representative was on appeal does not deprive the trial court of its jurisdiction to enter any further orders or judgment in the case, so long as the trial court does not interfere with the subject matter of the appeal or impinge on the power and authority of the district court to decide the *835 issue presented to it on appeal. See Finst Dev., Inc. v. Bemaor, 449 So.2d 290 (Fla. 3d DCA 1983). If what the trial court does while the appeal is pending cannot affect or interfere with the subject matter of the appeal, then the trial court can act. See Bailey v. Bailey, 392 So.2d 49 (Fla. 3d DCA 1981); see also Jordon v. State, 631 So.2d 362 (Fla. 1st DCA 1994).
Section 733.901(2), Florida Statutes (2003), specifically bars a subsequent action against a personal representative upon the discharge of the personal representative. Although section 733.903 and Florida Probate Rule 5.460(a) allow further administration of the estate if it is required for any reason, Florida case law appears to only permit the reopening of an estate after the discharge of the personal representative where there were procedural irregularities or facts constituting fraud or bad faith. See, e.g., Dacus v. Blackwell, 90 So.2d 324 (Fla.1956); Dean v. Bentley, 848 So.2d 487 (Fla. 5th DCA 2003).
In the present case, the pending appeal involves the issue of the qualifications of the personal representative. The trial court is considering, during the pen-dency of this appeal, the final accounting and petition for discharge filed by the personal representative which petitioner seeks to disqualify. The trial court’s granting of the petition for discharge would impinge on the power and authority of this court to decide the issue presented to it on appeal. If the trial court acts on the petition to discharge the personal representative, then the substantive controversy is decided. This would sufficiently prejudice petitioner unless petitioner can later successfully reopen the estate. At this time, the record does not show that petitioner can maintain a successful claim to reopen the estate if the trial court grants the petition to discharge.
Accordingly, the petition for writ of prohibition is granted. The lower tribunal is hereby prohibited from entering an order on the notice of final accounting and petition for discharge of the personal representative until the appeal pending in this court is resolved.
PETITION GRANTED.
BOOTH, POLSTON and HAWKES, JJ., concur.