# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D17-4545
_____

JASON BRADLEY SIMS,

    Appellant,

    v.

ROBERT F. BARNARD and JELKS
& WHITE, P.A.,

    Appellees.

_____

On appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

November 6, 2018

BILBREY, J.

    Jason Bradley Sims appeals the final summary judgment in favor of Robert F. Barnard and the law firm of Jelks & White, P.A., defendants in the trial court. In his suit against Barnard and the law firm, Appellant alleged that the defendants had committed embezzlement, gross negligence, and malpractice in the administration of Appellant's father's estate. However, two years before Appellant filed his suit, Barnard was discharged as the personal representative (PR) of the estate after the probate court approved the final accounting and distributions. *See* Fla. Prob. R. 5.401(f). Based on the res judicata effect of the final orders in the earlier probate case, and on section 733.901, Florida Statutes, the trial court entered summary judgment for the

defendants in Appellant's subsequent action. Because there were no genuine disputes of material fact and the defendants were entitled to judgment as a matter of law, we affirm the summary judgment. Regarding defendant Jelks & White, we affirm without further comment. We write only to discuss the application of section 733.901 as a bar to Appellant's lawsuit against Bernard.

The facts material to the trial court's application of section 733.901(2) were undisputed. Upon stipulation of the parties, the trial court took judicial notice of the record in the probate case and portions of that record were incorporated into the record of this appeal. The record shows that the probate action commenced in January of 2004 and administration of the estate continued for over ten years. Barnard was the second successor PR appointed by the probate court and the law firm served as the PR's counsel. After a duly-noticed hearing, the probate court approved the final accounting by order entered February 11, 2015. Upon the PR's report of distribution, the probate court entered its order of discharge of Barnard on February 17, 2015. Neither order was appealed. *See* Fla. R. App. P. 9.170(b) (setting forth a number of appealable orders in probate cases).

Section 733.901(2) provides: "The discharge of the personal representative shall release the personal representative and shall bar any action against the personal representative, as such or individually, and the surety." Accordingly, absent facts in the record justifying an exception to the general statutory rule, the trial court correctly entered summary judgment in favor of Barnard as a matter of law pursuant to section 733.901.

Appellant argues that the trial court's summary judgment based on section 733.901 and res judicata must be reversed to avoid manifest injustice and under the exceptions to the statutory bar for cases where fraud and intentional misrepresentation are shown. Appellant raised this issue in the trial proceedings, and the summary judgment on appeal addresses it, so the issue is preserved for appellate review.

Appellant correctly asserts that section 733.901 "does not serve as an absolute bar to the suits filed after the discharge of the personal representative." *Van Dusen v. Southeast First Nat'l*

2

*Bank of Miami*, 478 So. 2d 82, 89 (Fla. 3d DCA 1985). The statutory bar codifies "a modified res judicata concept . . . applicable in probate cases." *Id.* at 91. The bar will not be applied to a suit for fraud by concealment, where its application "would permit a fiduciary to benefit from its alleged wrongful acts if it could conceal them for the statutory period." *Karpo v. Deitsch*, 196 So. 2d 180, 181 (Fla. 3d DCA 1967) (holding that suit was not barred by discharge where suit alleged PR concealed from heirs the true value of estate and concealed from the court the identities of the heirs preventing heirs from asserting objection or claim prior to discharge). Likewise, where the PR conceals its intentional transfer of an estate asset by failing to report the distribution in the petition for distribution or otherwise, the PR "is not entitled to the sanctuary provided by" section 733.901. *Van Dusen*, 478 So. 2d at 91.

The record in this case fails to support any concealment of any estate asset or distribution from the court or from Appellant which prevented Appellant from raising his objection prior to the order of discharge so as to remove Appellant's lawsuit from the application of section 733.901(2). In fact, the record amply demonstrates that Appellant did repeatedly but unavailingly raise his same objections and claims of mismanagement against the PR throughout the probate proceedings.

It is undisputed that Appellant was identified as one of the beneficiaries of the estate in the original petition for administration filed in 2004. His receipt of notice of the PR's petitions for court authorization to sell estate properties and pay the PR, legal counsel, and other expenses is demonstrated by Appellant's active participation in the probate action via pro se filings of requests, motions, and objections at every opportunity.[1]

---

[1] Not only did Appellant actively participate in the probate proceedings, but we note that he is an active pro se appellant in this Court, as evidenced by his two appeals stemming from the probate case (*Sims v. Estate of Steven Henry Sims*, Case No. 1D17-5059 & *Sims v. Estate of Steven Henry Sims*, Case No. 1D18-3396); three appeals from civil case number 2015 CA 000352 (14th Cir., Bay Cnty.) (*Sims v. Wells Fargo Bank, N.A.*,

3

Appellant's first complaint of "neglect and misrepresentation" by the PR was in response to the PR's petition for court authorization to sell estate property, filed in December 2008. Despite Appellant's objection, the probate court authorized the PR's actions and payment for the PR's and the law firm's services. Over the course of the administration, Appellant continued to file objections to the PR's proposals for sales of real estate and payment of legal fees, and he consistently complained about the delay of disbursements to the beneficiaries. The record shows no concealment of any kind by the PR.

On August 28, 2014, the PR filed the petition for final distribution and discharge. Appellant timely filed his objection to this petition, complaining that two interim accountings covering approximately three months of the ten-year administration were missing from his copies received from the PR. He also challenged payments by the estate to lawyers and accountants and sought a court order for distribution of the remaining estate assets to the beneficiaries instead. After notice and a hearing, the probate court approved the final accounting and, after the PR's report of distribution, entered the order of discharge on February 17, 2015.

Appellant filed his lawsuit against Bernard and the law firm on March 13, 2017. While the amended complaint generally alleged fraud and "embezzlement," the facts asserted by Appellant were that the PR failed to provide him with sufficient accountings to explain all expenditures, leading Appellant to the conclusion that estate funds had been removed without explanation. The missing interim accountings, which Appellant was ultimately provided, simply do not rise to the level of "concealment" by the PR presented in *Van Dusen* and *Karpo*.

---

Case No. 1D16-4898; *Sims v. Wells Fargo Bank, N.A.,* Case No. 1D17-5055; and *Sims v. Wells Fargo Bank, N.A.,* Case No. 1D18-2197); and petition for writ of prohibition (*Sims v. Clerk of Circuit Court, Bay Cnty.*, Case No. 1D18-3595). Although untrained in the law, Appellant's filings in this Court and the circuit court are inconsistent with a situation where his ability and willingness to file claims and appeals has been hindered or interfered with by others.

4

The probate court's entry of orders approving and authorizing the PR to act despite Appellant's objections constituted denials of the objections. The trial court correctly determined that the lawsuit filed two years after closure of the probate case was barred as res judicata and by section 733.901(2). The summary judgment on appeal is therefore

AFFIRMED.

WETHERELL and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jason Bradley Sims, pro se, Appellant.

Larry A. Bodiford of Hutto & Bodiford, Panama City, for Appellee Robert F. Barnard; Clifford W. Sanborn of Barron & Redding, P.A., Panama City, for Appellee Jelks & White, P.A., for Appellees.