# Third District Court of Appeal

## State of Florida

Opinion filed March 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1751
Lower Tribunal No. 21-2318 CC
_____

**Patrick Hannan,**
Appellant,

vs.

**Gail Doyle,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Miesha S. Darrough, Judge.

Nation Lawyers Chartered, and Jonathan Jaffe (Sunrise), for appellant.

Rennert Vogel Mandler & Rodriguez, P.A., and Thomas S. Ward, for appellee.

Before SCALES, MILLER and GORDO, JJ.

PER CURIAM.

Patrick Hannan, the plaintiff below, appeals the trial court's July 28, 2021 final order dismissing, with prejudice, his complaint against the defendant below, Gail Doyle. Hannan's two-count complaint alleged that Doyle – who had served as the personal representative for the estate of Hannan's grandmother in a now closed Miami-Dade County probate proceeding[1] – had breached a purported oral agreement (count I), as well as her fiduciary duties (count II), by failing to pay Hannan "$16,000 to satisfy his portion of the probate proceeds." In the challenged order dismissing Hannan's complaint, the trial court took judicial notice of the probate records in the estate case and determined that Hannan's claims were barred by section 733.901 of Florida's Probate Code[2] and res judicata. Finding no error, we affirm. See § 90.202(6), Fla. Stat. (2020) (providing for judicial notice of court records); § 90.203, Fla. Stat. (2020) (providing for compulsory

---

[1] See In Re: Estate of Janet E. Hannan, Case No. 15-5210 CP (03).

[2] The statute provides:

> (1) After administration has been completed, the personal representative shall be discharged.
>
> (2) The discharge of the personal representative shall release the personal representative and shall bar any action against the personal representative, as such or individually, and the surety.

§ 733.901, Fla. Stat. (2020).

2

judicial notice upon the request of a party); <u>Ramos v. Mast</u>, 789 So. 2d 1226, 1227 (Fla. 4th DCA 2001) ("Although res judicata and collateral estoppel are affirmative defenses which cannot ordinarily be raised by motion to dismiss, an exception is made when the face of the complaint is sufficient to demonstrate the existence of the defense."); <u>see also</u> § 733.901(2), Fla. Stat. (2020); <u>Sims v. Barnard</u>, 257 So. 3d 630, 631-32 (Fla. 1st DCA 2018) (recognizing that, absent allegations of fraud by concealment or other wrongful acts, section 733.901 generally bars suits against a personal representative after the discharge of the personal representative); <u>Carraway v. Carraway</u>, 883 So. 2d 834, 835 (Fla. 1st DCA 2004) ("Section 733.901(2), Florida Statutes (2003), specifically bars a subsequent action against a personal representative upon the discharge of the personal representative. Although section 733.903 and Florida Probate Rule 5.460(a) allow further administration of the estate if it is required for any reason, Florida case law appears to only permit the reopening of an estate after the discharge of the personal representative where there were procedural irregularities or facts constituting fraud or bad faith.").

Affirmed.