# Third District Court of Appeal

## State of Florida

Opinion filed January 18, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D21-2013
Lower Tribunal No. 16-4224

————————————

**Leila Williams, etc.,**
Appellant,

vs.

**Barbara Williams, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Leila Williams, in proper person.

Glenn Ricardo Miller, LLC, and Glenn R. Miller; Arnaldo Vélez, P.A., and Arnaldo Vélez, for appellees.

Before LOGUE, MILLER and BOKOR, JJ.

BOKOR, J.

We agree with the trial court that, under the circumstances present here, no precedent exists to reopen an estate that was fully administered and discharged over 60 years ago. See Hannan v. Doyle, 337 So. 3d 1258, 1258 (Fla. 3d DCA 2022) (citing Carraway v. Carraway, 883 So. 2d 834, 835 (Fla. 1st DCA 2004) for the proposition that "Florida case law appears to only permit the reopening of an estate after the discharge of the personal representative where there were procedural irregularities or facts constituting fraud or bad faith"); but see, e.g., Egger v. Egger, 506 So. 2d 1168, 1168–69 (Fla. 3d DCA 1987) (determining that the statute of limitations in section 95.22, Florida Statutes (1985) doesn't bar an action to *quiet title* initiated by heirs of the decedent). The record contains no allegation of procedural irregularities, fraud, or bad faith. Finding no error with the trial court's determination, we affirm the dismissal.

However, applying the same logic, as no basis existed for the probate court to assume jurisdiction and reopen an otherwise duly administered estate, discharged in 1960, no basis exists for the probate court to make further findings as to the lawful owner of the subject property. As the matter was not properly before the probate court, the court possessed no jurisdiction to make such findings. We therefore vacate the portion of the order on appeal (designated as paragraph (A) in the "Further Ordered and

2

Adjudged" portion of the order on appeal) that purports to determine ownership of the subject property.

     Affirmed in part and reversed in part.